JESSIE C. SANFORD, Individually and as Executrix of HOWARD R. SANFORD, Deceased, Appellant, *v.* STATE TAX COMMISSION et al., Respondents.

Third Department, November 17, 1952.

*William D. Krebs* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, John C. Crary, Jr.,* and *Robert W. Bush* of counsel), for respondents.

FOSTER, P. J. Appeal from an order of the Supreme Court at Special Term, which granted a motion to dismiss the complaint herein on the ground that it failed to state a cause of action for a declaratory judgment or otherwise. A judgment of dismissal was duly entered but the appeal herein is only from the order dismissing the complaint. This does not seem to be good practice but nevertheless we will review the issue tendered on appeal.

The complaint has to do with the estate of Howard R. Sanford, deceased, and is directed against the State Tax Commission. Prior to his death Sanford filed a State income tax return for the calendar year 1948 and paid a tax in the sum of $55.66. The return was filed and the tax paid on April 15, 1949. Shortly thereafter and on the 5th day of May, 1949, he died, leaving a last will and testament which was duly admitted to probate on the 24th day of May, 1949, in St. Lawrence County. On January 16, 1952, the State Tax Commission assessed an additional income tax for the same taxable year against decedent's estate in the sum of $294.56. The commission demanded payment of this additional assessment within

thirty days and stated that penalties and interest would be added to the amount of the assessment if such payment was not made.

The complaint recites the facts already mentioned and alleges that the additional assessment was illegal, erroneous, and contrary to the law and the facts. Further that the Tax Commission has not complied with article 12 of the Surrogate's Court Act which requires a claim for a debt against an estate to be made to the executors. It also alleges rather generally that if the tax laws, which are set forth in Schedule C and attached to the complaint, are enforced that the estate of Sanford will be deprived of its property without due process of law in violation of the Federal and State Constitutions. The complaint also alleges that the estate does not have sufficient funds to pay the assessment and that its assets are mortgaged to the extent they will not permit further undertakings; that compliance with the tax laws will deprive the life beneficiary of her property without due process of law since her life interest will be depreciated and damaged.

Plaintiff asks for a declaratory judgment temporarily restraining the defendants, and forever restraining the defendants unless judgment under this action is not satisfied within thirty days. The real gist of the action apparently is that plaintiff wants a declaratory judgment to the effect that the Tax Commission has no remedy at law for the payment of the additional assessment of income taxes other than that provided to creditors under article 12 of the Surrogate's Court Act, and in this connection for a declaratory judgment that certain sections of the Tax Law are unconstitutional.

Appellant argues that there is nothing in the Surrogate's Court Act to exempt the State Tax Commission from the requirements of article 12 of the Surrogate's Court Act which gives an executrix the power to require vouchers in the support of any claim presented, and also gives an executrix power to reject such a claim and put the claimant to its proof. In answer to this the Attorney-General points out that article 12 of the Surrogate's Court Act applies only to claims which must be established, if contested, by action. It has no application to assessments of taxes imposed by a sovereign State. And of course the Tax Law does provide an adequate remedy for a review of any tax assessment in the Supreme Court, both on the law and the facts (Tax Law, §§ 199, 375). Appellant can either pay the assessment or contest it on the merits under the

prescribed method of review. So far as this complaint is concerned we do not reach the issue of whether the additional assessment should be sustained on the merits.

Appellant also claims that notice of an additional assessment must be served by mail to a taxpayer at the address given in the last return filed by him or on his behalf. She asserts that the only notice served by mail was not addressed to the taxpayer at the address given in his last return. This argument is without merit because the taxpayer was dead and obviously the requirement of section 373 of the Tax Law does not apply in such a case. In any event such a technical lapse could not by any stretch of the imagination invalidate the additional assessment.

Plaintiff has the right to an administrative hearing and review in the first instance without either paying the tax or filing a bond. Of course penalties and interest may accrue if the tax is ultimately paid, but it is obvious that they will not accrue if the additional assessment is declared void (Tax Law, § 374). The taxpayer has the right to an administrative hearing and review in the first instance. A hearing must be granted by the commission on demand made within ninety days after the additional assessment is made. Thereafter if the taxpayer is dissatisfied he may review in the courts by way of certiorari the action of the commission. Such procedure can hardly be construed as a denial of due process. As to the jurisdiction of the Surrogate's Court suffice it to say that the sovereign taxing authority is not obliged to await action by that court.

The order should be affirmed.

BREWSTER, BERGAN and COON, JJ., concur; HEFFERNAN, J.. taking no part.

Order affirmed, without costs.