Owen McGtvern, J.
In this action for a declaratory judgment, instituted by the plaintiff taxpayer, the defendants, constituting the State Tax Commission of the State of New York, move before answer to dismiss the complaint, (1) for want of jurisdiction of the subject matter, and (2) for failure to state a cause of action. It is the prime contention of the defendants that the State of New York is the real party in interest and that it has not consented to be sued.
The complaint alleges that the plaintiff is a Delaware corporation operating omnibuses which transport passengers in interstate commerce, and hence that it is not engaged in intrastate commerce within the State of New York. It is further alleged that the^ defendants (the commission) have recently demanded that plaintiff file gross earnings reports under sections 183 and 184 of the Tax Law for all years since 1935, and pay a tax simultaneously with the filing of each such report. Plaintiff alleges that ^ such sections of the Tax Law are not constitutionally applicable to it since it is engaged in interstate commerce, and to that effect seeks a declaratory judgment.
*1096 It is recognized that in an action for declaratory judgment the only issue, on a motion to dismiss the complaint before answer, is whether the complaint reveals a proper case for a declaratory judgment, and that the merits of the controversy are not before the court (Rockland Light and Power Co. v. City of New York, 289 N. Y. 45, 50).
Thus, the merits of the plaintiff’s contention that the cited sections of the Tax Law do not apply to it, are not now before the court; the only question for determination is whether a declaratory judgment action is sustainable by the facts alleged in the complaint.
The State Tax Commission invokes section 199 of the Tax Law, which provides that an article 78 proceeding to review an adverse determination is the exclusive remedy available when an adjudication of any tax liability is sought under sections 183 and 184.
However, in Richfield Oil Corp. v. City of Syracuse (287 N. Y. 234, 239 [1942]) it was said: “An action for a declaratory judgment may be maintained, despite the provisions of a taxing statute which provide that the method of judicial review prescribed therein shall be exclusive, where the jurisdiction of the taxing authorities is challenged on the ground that the statute is unconstitutional or that the statute by its own terms does not apply in a given case. (Dun & Bradstreet, Inc., v. City of New York, 276 N. Y. 198.) ”
This rule was held applicable to a claim quite similar to that advanced by the plaintiff in the case of All American Bus Lines v. City of New York (268 App. Div. 508, 509, affd. 296 N. Y. 571). (See, also, Booth v. City of New York, 268 App. Div. 502, affd. 296 N. Y. 573.)
The defendants would distinguish these cited cases on the grounds: (1) that the instant action is against the State rather than against municipalities, and (2) that there are issues of fact herein, whereas there were none in the cited cases. As to the latter point, it cannot be determined before answer whether there will be issues of fact herein, and, if so, whether their importance will warrant a denial of the remedy of declaratory judgment (cf. Rules Civ. Prac., rule 213).
As for the point that the case at bar concerns the State, unless the ancient doctrine of “sovereign immunity” precludes an action for a declaratory judgment against officials of the State of Hew York in their capacity as such, no reason is apparent why the rule of the Richfield and Dun & Bradstreet cases (supra) should not apply to State as well as municipal taxation. True, *1097 the Court of Appeals apparently has never expressly declared that a declaratory judgment action might be brought against State officials, yet it has not shut the door against such an action (cf. New York Foreign Trade Zone Operators v. State Liquor Auth., 285 N. Y. 272) and in Niagara Falls Power Co. v. White (292 N. Y. 472, 479) it said: “ We do not, of course, mean that no suit for a declaratory judgment may ever be maintained against a State officer or agency. (See New York Operators v. State Liquor Authority, 285 N. Y. 272.) We do not stop to inquire whether an otherwise permissible suit for a declaratory judgment may not, under some circumstances, be maintained against the State itself. (See Burnham v. Bennett, 259 N. Y. 655; Hydraulic Race Co. v. Green, 257 N. Y. 540.) ”
And it would seem to follow that there is no present bar against actions for declaratory judgments against officers of the State. So, in deciding the narrow question here presented, i.e., whether formally to permit such an action, consideration must be given to the legislative and judicial trend toward restricting the doctrine of sovereign immunity. In National City Bank, v. Republic of China (348 U. S. 356, 359), Mr. Justice Frankfurter said: “But even the immunity enjoyed by the United States as territorial sovereign is a legal doctrine which has not been favored by the test of time. It has increasingly been found to be in conflict with the growing subjection of governmental action to the moral judgment.”
That there is a similar legislative and judicial trend in the State of New York is apparent from Becker v. City of New York (2 N Y 2d 226, 233 et seq.) and cases and statutes there cited.
Assuming, as we must, that on a motion to dismiss a complaint, the allegations thereof are true, the allegations of the instant complaint, when read in the light of section 200 of the Tax Law, show that dismissal would impose a great hardship on the plaintiff. It is stated in the complaint that the defendants have demanded taxes for each year commencing with 1935, and that such demand is confiscatory. Section 200 of the Tax Law requires the deposit of taxes assessed as a prerequisite to judicial review. The defendants argue that plaintiff could pay one year’s tax, and then bring an article 78 proceeding as to that year. But this would not be a complete remedy. It is not inconceivable that plaintiff’s operations in one year might be different from those in other years, in which event, the judicial determination as to one year would not be accepted as res judicata. The only manner in which a complete adjudication could be obtained is, (1) by the present action, or (2) by article 78 proceedings concerning 23 years, and as a condition precedent *1098 to its maintenance all the taxes, interest, etc., would have to be deposited. This latter remedy clearly is not a satisfactory or adequate alternative. In fact, it is a disproportionately severe alternative to the sensible and legal procedure for a declaratory judgment that the plaintiff has here taken.
The Attorney-General cites Sanford v. State Tax Comm. (280 App. Div, 687, appeal dismissed 306 N. Y. 823). That case concerned an additional income tax assessment against a decedent in the sum of $294.56, the decedent having, prior to his death, paid a tax for the years in question. Thus, it is factually distinguishable. Furthermore, in the Sanford case it was not claimed that the additional tax sought by the State Tax Commission was not constitutionally owing; the holding in that case was confined to (1) that the method of review provided by the Tax Law did not constitute a denial of due process, and (2) that the State was not restricted by the requirements of article 12 of the Surrogate’s Court Act.
The defendants also point to section 1287 of the Civil Practice Act, which requires that article 78 proceedings against the State Tax Commission be brought in the Third Judicial District; they argue that the instant action is an attempt to circumvent this provision. But section 1287 applies only to article 78 proceedings, and is not applicable to the instant plenary action. Furthermore, if improper venue is the grievance, a motion to dismiss for want of jurisdiction is not the remedy.
In sum, this court appreciates no substantial reason why the powers of this court have not been properly invoked. The plaintiff does not seek to cast the defendants in judgment, nor to establish liability attributable to the defendants. All the plaintiff seeks is a declaration of rights, lest an oppressive and an unnecessary restriction be visited upon it. In the view of this court, the remedy sought is well within the purview of the purpose of the Legislature when that body enacted declaratory judgment legislation.
The motion is in all respects denied.