Irving H. Saypol, J.
Defendants move pursuant to rule 112 of the Buies of Civil Practice for judgment on the pleadings dismissing the complaint upon the grounds that the action is premature and presents no justiciable controversy. The action was instituted to recover judgment declaring the correct interpretation, construction, and application of sections 183 and 184 of the Tax Law; that plaintiff is not required to file any reports with the Department of Taxation and Finance pursuant to those sections and is not liable for the payment of any taxes thereunder; and restraining the defendants from requiring the plaintiff to file such reports or to make payment of taxes pursuant to those sections. The cause was sustained on defendants’ motion to dismiss for want of jurisdiction of the subject matter and for failure to state a cause of action. (11 Misc 2d 1094.) In denying the motion the court stated the sole issue was whether the complaint reveals a proper case for a declaratory judgment. Since the jurisdiction of the taxing authority was challenged upon the ground that the pertinent sections of the Tax Law are not constitutionally applicable to the plaintiff, the action was maintainable (Richfield Oil Corp. v. City of Syracuse, 287 N. Y. 234) against the defendant. (New York Foreign Trading Zone Operators v. State Liquor Auth., 285 N. Y. 272; Niagara Falls Power Co. v. White, 292 N. Y. 472; Becker v. City of New York, 2 N. Y. 2d 226.) Moreover, the disproportionate hardship imposed by the provisions of section 200 of the Tax Law as prerequisite to the institution of an article 78 proceeding* to review any final determination renders such a proceeding unsatisfactory and inadequate and an action for declaratory judgment sensible and appropriate. Finally, upon that motion the court did not, because it could not, determine before answer whether any issue of fact would arise and, if so, whether by reason thereof a denial of the remedy of declaratory judgment would be warranted (see Rules Civ. Prac.. rule 213).
*115 Defendants now urge that no justiciable controversy exists between the parties and certainly none predicated upon opinions and advice of subordinates and until the defendants render a final determination requiring plaintiff to file reports and make payment of tax pursuant to sections 183 and 184 of the Tax Law, an action for a declaratory judgment is premature. Those contentions are based upon alleged facts that plaintiff has not filed any tax returns under those sections for the period commencing 1935, defendants have made no final determination that plaintiff is subject to tax pursuant to those sections for the period in suit, no findings of fact have been made upon which such determination could be based, and defendants advised and did not require the filing by plaintiff of tax reports and the payment of tax under those sections. Other facts appearing in the defendants ’ brief and not in the pleadings are disregarded. Save for the reservation upon the stature of any issues of fact to emerge upon joinder of issue the points now urged must be deemed to have been considered and passed upon unfavorably to the defendants. The sole question now to be determined, therefore, is the effect of defendants’ denial of the complaint allegation that defendants have demanded that the plaintiff file with them reports of its gross earnings for each of the years of its operation commencing with the year 1935 and to pay a tax simultaneously with the filing of such reports. Since plaintiff’s entire complaint is based upon asserted unconstitutionality of such demand, the absence of such allegation would have removed the alleged existence of a justiciable dispute. The complaint having been found sufficient the denial of that allegation creates no such triable issue as to warrant denial of relief by declaratory judgment. The fact that defendants may have taken no final position in conflict with the position of the plaintiff with respect to the applicability of the Tax Law is of no moment if in fact, as alleged, defendants did require the filing of reports and the payment of tax. Whether defendants could by appropriate application establish the absence of such basic fact and, therefore, the absence of any justiciable dispute, is not before the court on this motion.
The motion is denied.