Morton B. Silberman, J.
Defendant moves for an order vacating the default judgment entered against her in this action in June, 1975, and for other related relief. Such relief is sought upon the grounds, among others, that the action was brought in Orange County contrary to CPLR 503 (subd [f]). The subject judgment is in the amount of $1,318.29, and hás been partially satisfied by means of various enforcement procedures.
This is an action to recover for purchases allegedly made with a credit card issued by plaintiff to defendant and her former husband. The action was commenced in the Supreme Court, Orange County, in May, 1975, by service of a summons bearing the inscription "consumer credit transaction” (see CPLR 305, subd [a]).
CPLR 503 (subd [f]) mandates that actions based upon consumer credit transactions must be brought in the county of the defendant’s residence, if he resides in the State, or in the county where the transaction took place, if it took place in the State. The foregoing statute was enacted to curb the serious abuses to which individuals were frequently subjected under existing traditional venue provisions (see 2 Weinstein-Korn-Miller, NY Civ Prac, par 503.20; Memorandum of State Executive Department, McKinney’s 1973 Session Laws, vol 2, pp 2171-2172).
The summons in this action contains a statement that "The basis of venue [in Orange County] is Plaintiff reside [sic] in Orange County.” In addition, the following statement appears at the foot of the summons: "Transaction of business occurred in Orange County.” Upon its face, then, the summons com *321 plied with CPLR 503 (subd [f]), and the clerk of the court was not required to reject it under the provisions of CPLR 513.
Defendant contends that plaintiff improperly laid venue in Orange County, since defendant resides in Rockland County and since no transaction occurred in Orange County. In response, plaintiff’s attorney has submitted an affirmation in which he states that "[a]t the time the action was commenced, the Defendants were living, based upon our records, at New Windsor, New York, in the County of Orange.” Counsel’s foregoing statement is directly contrary to the documentary evidence submitted by plaintiff in opposition to this motion.
The credit card application submitted by plaintiff, and allegedly signed by defendant and her former husband, lists defendant’s address as 14 Sunrise Drive, Stony Point, New York (i.e., in Rockland County). Additionally, the affidavit of service states that the summons in this action was served upon defendant by affixing a copy thereof to the door of defendant’s residence, located at "33 F Forest Drive (Apt. #33F) Garnerville, New York,” which is a Rockland County address, and by mailing a copy thereof to defendant at such address. Finally, plaintiff has submitted no proof to establish that any of the alleged purchases were made in Orange County (cf. Memorandum of State Executive Department, supra, p 2172).
The court, therefore, concludes that this action was commenced in Orange County in direct violation of CPLR 503 (subd [f]). The foregoing statute is remedial in nature, and vindication of its salutary purpose dictates that defendant be relieved of her default and afforded an opportunity to defend the action on the merits. In that connection, it is noted that defendant has denied that she ever joined in the application for issuance of the credit card or that she ever made purchases therewith.
Accordingly, the following disposition is made of this motion:
(1) Defendant’s motion is granted to the extent that defendant is hereby relieved of her default and granted leave to interpose an answer to the complaint at this time. Defendant shall serve her answer, in the form annexed to her moving papers, within 10 days after the date of this decision and order.
(2) The default judgment dated June 26, 1975 and entered on June 27, 1975 shall not be vacated, but shall stand as *322 security in the event that plaintiff ultimately prevails in the action.
(3) Plaintiff is hereby stayed from any and all further proceedings to enforce the aforesaid judgment pending further order of this court.
(4) Defendant’s motion to compel restitution (CPLR 5015, subd [c]) is denied, without prejudice to a renewal thereof before the Trial Justice.
(5) Defendant’s motion to change the place of trial of this action from Orange County to Rockland County is granted (CPLR 503, subd [f]; CPLR 510, subd 1). A copy of this decision and order shall be served upon the clerk of this court and of the Supreme Court, Orange County, within 10 days after entry.
(6) Defendant’s motion is otherwise denied, as academic, in view of the disposition hereinabove.