■ MATTHEW BENDER & COMPANY, INC., Respondent, v HY SHORE, Appellant. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered January 22, 1981 in Albany County, which denied defendant's motion to change venue. Plaintiff sued defendant, an attorney, in Albany County for moneys owed for the purchase of lawbooks. Plaintiff's principal place of business is located in Albany County. Defendant moved for a change of venue from Albany County to New York County contending that Albany County is not a proper county to pursue the action and the convenience of witnesses would be best served by locating the trial in New York County. Defendant contends that the action arose out of a consumer credit transaction and, as such, pursuant to CPLR 503 (subd [f]), it should be tried in the county of defendant's residence. The motion was properly denied by Special Term. CPLR 105 (subd [f]) specifically defines a "consumer credit transaction" as follows: "The term 'consumer credit transaction' means a transaction wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes." The purchase of lawbooks for the use of an attorney in his professional endeavors does not fall within the scope of a consumer credit transaction. The affidavit of defendant fails to otherwise justify a change of venue. Pursuant to the provisions of CPLR 503 (subd [c]), plaintiff has properly designated Albany County as the place of trial since its principal office is located there. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.