OPINION OF THE COURT
Martin Evans, J.
This Attorney-General’s application, pursuant to section 63 of the Executive Law, seeks an order, inter alia, granting injunctive relief against various deceptive and improper consumer practices and abusive litigation.
Respondent is an appliance repairman, doing business under several trade names in Manhattan, including General Dishwasher Service Co., Dishwasher Service Co., TriBoro Vacuum Stores, and others. The Attorney-General’s investigation arose after more than 100 consumers, all Manhattan residents, had been subjected to a variety of improper and illegal business practices by respondent. In most of these cases, payment disputes arose. In flagrant violation of law, and in a pattern which must be deemed a deliberate and consistent abuse of process, respondent *52 brought over 100 small claims actions against these consumers in improper counties: 69 in The Bronx; 31 in Kings (Brooklyn); 1 in Queens. Respondent did bring 13 actions in New York County (Manhattan).
Most of these actions were brought by use of fictitious addresses to meet the statutory venue requirements; respondent who unquestionably lives in Queens County, represented himself as residing at a variety of addresses around the city, apparently so haphazardly, that some house numbers do not, or no longer, even exist. Most of these actions terminated with default judgments in respondent’s favor.
Because of a prior similar pattern of abusing the process of the Civil Court, respondent had been previously barred by the then-administrative judge acting pursuant to UCCA 1810, from instituting small claims actions without leave of court. (Order, April 29, 1975, Thompson, J.) The bar was lifted prior to the institution of the small claims actions at issue here. (Order, March 29, 1982, Egeth, J.) After further complaints to the Civil Court, and after further findings of abuse of the court’s process (see Cohen v Harvey, Small Claims Part, Civ Ct of City of NY, NY County, Nov. 30, 1982, Karla Moskowitz, J.), respondent was once again barred from bringing small claims actions without prior review. (“Directive No. 666”; Jan. 3, 1983, Rubin, J.)
Venue in a transitory action is normally laid in the county where one of the parties resides at the time the action is commenced. (CPLR 503; CCA 301.) In “an action arising out of a consumer credit transaction where a purchaser, borrower or debtor is a defendant”, venue must be laid in a county where the defendant resides or where the transaction took place. (CPLR 503, subd [f]; CCA 301, subd [a].) The term “consumer credit transaction” means a transaction where credit is extended to an individual and the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes. (CPLR 105, subd [f].)
It is clear that respondent has engaged in consumer credit transactions within the meaning of the statute. It is undisputed that respondent specializes in the repair of *53 household appliances and that the subject items fall into that category. Respondent effectively extends credit to his customers who purchase a service from him only after they bail the appliances to him for repair and the service is performed. It is similarly clear that, based on the customers’ residence and the situs of the transactions, the venue should have been laid in New York County.
A summons is statutorily required to specify the correct venue of the action (see CPLR 305, subd [a]); the summonses at issue here did not. The venue specification is required to give notice in two different situations: (1) To the defendant, to apprise him of where to appear (see City of New York v Chemical Bank, 122 Misc 2d 104); and (2) to the clerk of the court, to permit him to assess whether the summons should be accepted for filing. (See CPLR 513.)[1] While the statute directs the clerk to refuse to file a summons which lists the wrong venue, the remedial steps that it directs the clerk to take indicate that dismissal is not contemplated. (See Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, 1983-1984 Pocket Part, CCA 301, p 49.)
It is hornbook law in New York that improper venue is not ordinarily a jurisdictional defect, provided that venue was laid within the forum court’s territorial jurisdiction. (See Siegel, NY Prac, p 146.) Dismissal is therefore not usually required; a pending action can be transferred to the proper county, and a default judgment can be opened. (See Empire Nat. Bank [Bank Americard Div.] v Olori, 87 Misc 2d 320.) A contested judgment is not subject to vacatur, since an objection to venue, being nonjurisdictional, is waived if not timely raised. (Benson v Eastern Bldg. & Loan Assn., 174 NY 83.)
The case at bar, however, is not an ordinary case. It does not involve an isolated good-faith error in choice of venue. Neither does it concern an arguably litigable, albeit improbable, difference of opinion among attorneys as to the scope *54 of a consumer credit transaction. (See Bender & Co. v Shore, 86 AD2d 708.) Rather, this case concerns a purposeful, extensive and ongoing pattern of abusing the process of the Civil Court for personal gain. Indeed, it is precisely the sort of deceptive and improper practice which the Governor and Legislature sought to prevent when they adopted the special venue and notice provisions for consumer credit transactions in 1973. (See McKinney’s Session Laws of NY, 1973, pp 2340-2341.) Under the circumstances, mere vacatur and transfer to the proper county is not appropriate.
The Attorney-General has met his burden of proving persistent improper conduct under the broad legislative definition of subdivision 12 of section 63 of the Executive Law. (See Matter of Lefkowitz v Bull Inv. Group, 46 AD2d 25.)[2] Respondent, in his unsworn, conclusory and self-serving submission, does not offer evidence sufficient to raise any triable question of fact. Accordingly, the Attorney-General’s application is granted. Respondent is enjoined from: filing any small claims action without prior application in each case, on notice to the Attorney-General, to that court; instituting any action arising from his business in any improper forum; enforcing, or seeking enforcement of, or in any way using or publishing any judgment obtained in an improper forum, or in the Civil Court in violation of a court order. Respondent is directed to file, within 30 days of the order to be settled, a stipulation with the appropriate clerks, consenting to the vacatur and dismissal of any default judgment so improperly obtained without prejudice to institution of a new action, in a proper forum, subject to applicable law and court orders, including Directive 666, at respondent’s expense. Petitioner shall, at respondent’s expense, notify the defendant in each such case, of the decision of this court. Petitioner’s application for costs is granted. Petitioner may make further application to this court for appropriate relief.

. CPLR 513, ordinarily applicable where filing is required for completion of service under the alternative service provisions of CPLR 308, was intended to apply as well to consumer actions brought in the Civil Court. (See Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A; 1983-1984 Pocket Part, CCA 301, p 49; Siegel, NY Prac, § 122, p 151, n 4.) For the same reasons indicated by Professor Siegel, it should be applicable as well to the informal complaints and summons applications filed by claimants in small claims proceedings.

. This court, through both its inherent powers and equity, has the discretion and the responsibility to fashion an appropriate remedy even if such a remedy is not provided specifically by the Executive Law, the CCA or other statute, when necessary to protect the consumers’ rights and to defend the integrity of the judicial process. (See, generally, Evans & Stallman, Deferred Sentence: Common Law Alternative to Judge’s Dilemma, Inherent Power, NYU, Nov. 24, 1982, p 6, col 2.) Section 63 of the Executive Law is nevertheless important as a jurisdictional predicate since it gives the Attorney-General standing to bring this special proceeding on behalf of the large class of injured consumers at issue here.