OPINION OF THE COURT
Howard Miller, J.
Motion by defendants to dismiss the complaint and other relief.
CPLR 321 (a) requires that a corporation be represented by *369 an attorney in a Supreme Court action. Although defendant Judith A. Marshall, the president of the corporate defendant, purports to represent the corporation, she acknowledges she is not an attorney. Thus the motion is denied in its entirety as to the corporate defendant.
Defendant Marshall contests jurisdiction on numerous grounds, which will be treated seriatim.
1. Lack of jurisdictional basis. Marshall is a California domiciliary, who alleges that although she maintains a dwelling at 200 E. 69th Street, New York, N.Y., it is not her actual place of abode. It cannot be determined on the papers before the court whether Marshall’s use of the apartment is sufficient to afford a basis for jurisdiction (see, e.g., National Dev. Co. v Triad Holding Corp., 131 FRD 408, affd 930 F2d 253, cert denied sub nom. Khashoggi v National Dev. Co., — US —, 112 S Ct 440). Nor can it be determined on the record before the court whether Marshall is amenable to service under CPLR 302 (a) (1) and (2). Thus a framed issue hearing is required.
2. Failure to include index number on summons and complaint. Prior to its repeal by chapter 216 of the Laws of 1992, CPLR former 306-a provided that service of a summons which did not bear an assigned index number was deemed a nullity. Although CPLR 305 (a) requires a summons to bear the index number assigned and the date of filing, the Legislature saw fit not to reenact the provision deeming the lack of an index number a jurisdictional defect. The language of the current CPLR 306-a (b) further provides that in the event someone other than plaintiff obtains an index number, the clerk may issue an order directing the plaintiff to pay the index number fee. Thus, the Legislature clearly intended that the failure to include the index number on the summons was not a jurisdictional defect (see also, Yeger v Yeger, NYLJ, Apr. 2, 1993, at 33, col 1; Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C305:l, 1994 Pocket Part, at 42). The motion to dismiss on this basis is denied.
3. Improper venue. Improper venue is not a jurisdictional defect requiring dismissal of the action (State of New York v Cohen, 123 Misc 2d 51). Until the issue of jurisdiction is determined, however, a motion for change of venue is premature; furthermore Marshall does not allege compliance with CPLR 511 (b). The motion to dismiss for improper venue is denied without prejudice.
*370 4. Service of process. The affidavit of service on Marshall filed in the County Clerk’s office is patently incomplete. The affiant’s name is omitted from the introductory paragraph of the affidavit; there is no indication of the method of service; there is evidence of a mailing, although there is an enigmatic sentence stating: "The individual has identified himself/herself as the Respondent.” The individual served however is indicated as a male. A hearing is required to resolve the issue of service.
Defendant Marshall’s remaining claims are without merit.
A traverse hearing will be held February 17, 1994 at 9:00 a.m. at which time plaintiffs process server shall be present to testify. Immediately following the traverse hearing, if service of process is sustained, a framed issue hearing will be held on defendant Marshall’s motion to dismiss for lack of a jurisdictional basis.