OPINION OF THE COURT
Norman A. Mordue, J.
Petitioners applied for a building/zoning permit to construct a deck on the southwest side of a building located at 3 Fennell Street, Skaneateles, New York. The Zoning Board of Appeals (hereinafter ZBA) approved certain plans, subject to certain conditions, and referred the matter to the Historic Landmark Preservation Commission (hereinafter HLPC).
*184 The HLPC denied a certificate of approval for the construction of the deck, canopy, stair system and new door. Petitioner appealed the HLPC’s decision to the Village Board of Trustees (hereinafter the Trustees) who denied the appeal, which denial petitioner appealed. Thereafter, the Village of Skaneateles Planning Board reviewed the matter, requested additional information, and recommended petitioner’s application for a variance. The ZBA denied petitioner’s application, affirming the HLPC’s denial of a certificate of approval.
Petitioner has commenced the instant CPLR article 78 proceeding seeking reversal of the ZBA’s determination contending that it was arbitrary and capricious, an error of law, not supported by substantial evidence and an abuse of discretion. Respondents have moved for dismissal of this petition on the ground, inter alia, that the court lacks jurisdiction to hear and determine this proceeding.
In their moving papers, respondents contend that the proceeding must be dismissed because petitioner omitted both the index number and the date of filing with the Clerk from the notice of petition and petition, both of which must be included pursuant to CPLR 305. However, the court finds that such omissions are not jurisdictional defects. While adherence to the CPLR is to be encouraged, there is no prejudice to respondents by petitioner’s failure to include the index number and date of filing. (See, Cellular Tel. Co. v Village of Tarrytown, 209 AD2d 57; Chira v Global Med. Review, 160 Misc 2d 368.)
Although Federal Deposit Ins. Corp. v Eckman (NYLJ, Oct. 17, 1994, at 27, col 4) holds that the failure to include the index number and date of filing renders the action jurisdiction-ally defective, that court made its finding based upon the fact that defendant was prejudiced because "[kjnowledge of the date of commencement of the action would inform defendant as to whether process was served within the time frame imposed by CPLR 306-b(a) and would necessarily affect defendant’s defense strategies relating to the statute of limitations.” (Supra.)
In the case at bar, petitioner did not violate the Statute of Limitations, and, thus, a defense based upon that ground would *185 lack merit. Therefore, there could be no prejudice to respondents based upon these facts.
Accordingly, respondents’ motion to dismiss based upon a jurisdictional defect is denied.