In the Matter of BRUCE M. ROBERTSON, Respondent, v ANN MARIE ROBERTSON, Appellant. (And Another Related Proceeding.) [836 NYS2d 711]—

Mercure, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered November 28, 2005, which, inter alia, partially granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

The parties are the divorced parents of two children, twins

born in 1993. Pursuant to the judgment of divorce and prior orders of Supreme Court (Malone, J.) and Family Court, Columbia County (Czajka, J.), the parties had a custody arrangement in which they shared legal custody, respondent (hereinafter the mother) had primary physical custody, and petitioner (hereinafter the father) had visitation on alternate holidays and weekends, as well as Tuesday and Thursday evenings. In 2005, the father filed a petition, alleging that the mother violated the prior court orders by denying him scheduled visitation and by moving from the former marital residence in the Town of Ghent, Columbia County, to the City of Albany and enrolling the children in a parochial school without informing him or seeking his consent. Thereafter, the mother filed a petition seeking a modification of the prior custody orders to permit her to remain with the children in her recently acquired Albany residence. Following several hearings, Family Court ordered, as relevant here, that the father's weekend visitation will now end at 6:00 P.M. on Sundays but he will have additional visitation with one child per month from 12:00 P.M. on Saturday to 12:00 P.M. on Sunday, on a weekend not otherwise scheduled for visitation. The court also provided that it would have continuing jurisdiction over the parties and directed that a petition be filed in the Columbia County Family Court if the parties failed to reach an agreement on the children's schooling. The mother appeals from those portions of Family Court's order set forth above.

An existing custody arrangement may be modified "upon a showing that there has been a subsequent change of circumstances and modification is required" to ensure the best interests of the children (Family Ct Act § 467 [b] [ii]; see e.g. *Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]). We agree with Family Court that the mother's move to a different county—which was undertaken without consulting the father, necessitated a change in school districts, resulted in the children's enrollment in a parochial school against the father's wishes, and reduced the father's weekend visitation because the children could no longer take the school bus from his house to school on Monday mornings—constituted a change in circumstances sufficient to justify modification of the prior custody arrangement (see *Matter of Markey v Bederian*, 274 AD2d 816, 817-818 [2000]; see also *Matter of Scialdo v Kernan*, 14 AD3d 813, 814-815 [2005]; *Matter of Gregio v Rifenburg*, 3 AD3d 830, 831-832 [2004]). Inasmuch as the father's weekend visitation was curtailed due to the mother's move and given the circumstantial evidence that the mother directed the children to conceal the move from the father, as well as the testimony of the children's therapist that the belief of the

mother and children that they are a unit of three contributes to the fragmentation of the children's relationship with the father, there is a sound and substantial basis for Family Court's decision that permitting the father one day of extra visitation per month with one of the children alone was in the children's best interests (*see Matter of Hanson v Hanson*, 283 AD2d 677, 678-679 [2001]).

We agree with the mother, however, that Family Court exceeded its authority in directing that all future enforcement petitions must be brought in Columbia County. Family Ct Act § 171 provides that "[a] lawful order of the family court in any county may be enforced or modified in that county or in the family court in any other county in which the party affected by the order resides or is found." Thus, while Family Court was correct that it may exercise continuing jurisdiction over the parties (*see generally Matter of Shaffer v Winslow*, 17 AD3d 766, 767 [2005]), the court erred to the extent that it ordered that all future enforcement proceedings *must* be commenced in Columbia County to the exclusion of other lawful venues (*see Matter of Michelle A.S. v Samuel G.F.*, 27 AD3d 1189, 1190 [2006]; *Matter of Feeney v Graef*, 233 AD2d 941, 942 [1996]).

Cardona, P.J., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed that future enforcement proceedings be commenced only in the Family Court of Columbia County, and, as so modified, affirmed.