In an action, inter alia, to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered January 11, 2011, which granted those branches of the defendants’ separate motions which were pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against each of them, based on a forum selection clause set forth in an agreement dated January 8, 2009.
Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants’ separate motions which were pursuant to CPLR 3211 (a) (1) to *656 dismiss the complaint insofar as asserted against each of them, based on a forum selection clause set forth in the agreement dated January 8, 2009, and substituting therefor a provision granting those branches of the defendants’ separate motions only to the extent of transferring venue in the action from Nassau County to Queens County in accordance with CPLR 501; as so modified, the order is affirmed, with one bill of costs to the defendants, and the Clerk of the Supreme Court, Nassau County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in the action and certified copies of all minutes and entries (see CPLR 511 [d]).
A forum selection clause contained in a so-ordered stipulation and agreement executed by the plaintiff and the defendant Cathy L. McKeon on January 8, 2009, recited that any dispute arising under the stipulation and agreement was required to be litigated in the Supreme Court, Queens County. This action was commenced in the Supreme Court, Nassau County. In an order entered January 11, 2011, the Supreme Court, Nassau County, granted those branches of the defendants’ separate motions which were pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against each of them, based on the forum selection clause. The plaintiff appeals, and we modify the order.
A forum selection clause may, under certain circumstances, constitute documentary evidence sufficient to provide a proper basis for dismissal of a complaint pursuant to CPLR 3211 (a) (1), such as where the forum selection clause provides that any dispute arising under the relevant agreement must be litigated in the courts of a state other than New York (see Boss v American Express Fin. Advisors, Inc., 6 NY3d 242 [2006]; Adler v 20/20 Cos., 82 AD3d 918, 920 [2011]), in federal court (see Lischinskaya v Carnival Corp., 56 AD3d 116, 123 [2008]), or in the courts of a country other than the United States (see W.J. Deutsch & Sons, Ltd. v Charbaut Am., Inc., 57 AD3d 529, 529-530 [2008]). Here, however, the action was commenced in the proper court and, thus, the action was not commenced in an incorrect forum, but only in an improper county (see CPLR 501, 511). Hence, the venue designated by the plaintiff was “not. . . proper” (CPLR 510 [1]; 511 [a]). “Improper venue is not a jurisdictional defect requiring dismissal of the action” (Chira v Global Med. Review, 160 Misc 2d 368, 369 [1994]; see Phokus Group, Inc. v Calcon, Inc., 7 Misc 3d 1013[A], 2005 NY Slip Op 50585[U], *3 [2005]; State of New York v Cohen, 123 Misc 2d 51 [1983]; Hudson Tr. Lines v Bragalini, 11 Misc 2d 1094, 1098 [1958]).
*657 Since the forum selection clause did not divest the Supreme Court of jurisdiction over the action, the Supreme Court erroneously granted those branches of the defendants’ separate motions which were pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against each of them, based on the forum selection clause. Rather, the Supreme Court should have transferred venue from Nassau County to Queens County (see CPLR 501, 511 [b]).
In light of our determination, we do not reach the parties’ remaining contentions. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.