■ PETER ELIE et al., Appellants v MARATHON REO MANAGEMENT, LLC, Respondent. [989 NYS2d 863]—

In an action to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated March 4, 2013, as granted the defendant's cross motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court granted the defendant's cross motion pursuant to CPLR 3211 (a) to dismiss the complaint on the ground the venue chosen by the plaintiffs was improper. We affirm, but on a ground different from the one asserted by the defendant in its cross motion, namely, that the complaint fails to state a cause of action (*see* CPLR 3211 [a] [7]). " 'Improper venue is not a jurisdictional defect requiring dismissal of the action' " (*Lowenbraun v McKeon*, 98 AD3d 655, 656 [2012], quoting *Chira v Global Med. Review*, 160 Misc 2d 368, 369 [Sup Ct, Rockland County 1994]). Nonetheless, to the extent that the complaint seeks to recover damages for fraud, the complaint fails to state a cause of action, since it does not specify any particular misrepresentation of material fact made to the plaintiffs (*see* CPLR 3016 [b]; 3211 [a] [7]; *Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]; *Greenberg v Blake*, 117 AD3d 683 [2014]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.