Matter of Annette M.-L. v William L. (2020 NY Slip Op 04441)





Matter of Annette M.-L. v William L.


2020 NY Slip Op 04441


Decided on August 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 6, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


11448 -21326/16

[*1] In re Annette M.-L., Petitioner-Appellant,
v
William L., Respondent-Respondent.


Karen D. Steinberg, New York, for appellant.
Davis Polk and Wardwell LLP, New York (Daniel S. Magy of counsel), and The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorneys for the child.



Order, Family Court, Bronx County (Aija M. Tingling, J.), entered on or about May 11, 2017, which denied with prejudice the mother's petition to modify a prior order of custody, unanimously reversed, on the law, without costs, the petition reinstated, and the request for modification of the custody and parenting time provisions of the parties' divorce judgment is granted, and the Family Court is directed to enter, within 14 days of the mother's presentation to the Clerk of the Family Court of a copy of this order, an order granting the mother's modification petition and awarding her sole legal and physical custody of the child, without prejudice to further proceedings commenced by either party with regard to respondent father's communication and visitation with the child.
The parties resolved the custody of their child by their divorce agreement, which was the basis for their 2010 Florida divorce decree. Under the divorce decree, petitioner mother had primary physical custody and the father had visitation on alternating weekends. In or about 2013, the child and mother relocated to New York. The father agreed, provided that the child would spend each summer with him, with the father paying for her transportation to Florida and the mother paying for the return trip.
The father did not arrange for the child to visit him in either the summer of 2014 or 2015, although he saw her for a few days in New York in the latter summer. In summer 2016, the mother drove the child to Florida, with the understanding that the father would return the child to New York in time to start school. However, the father enrolled the child in school in Florida, without the mother's knowledge or consent, and told the mother that he would not send the child back to New York. The father then filed a petition in Florida to modify the custody provisions of the parties' divorce decree.
In August 2016, petitioner served and filed petitions in Bronx Family Court seeking immediate return of the child and modification of the custody order, so as to give her sole legal and physical custody of the child and to give the father visitation with the child on alternate school breaks and summers.
On October 26, 2016, the Florida and New York courts held a joint telephonic hearing, to decide which court had jurisdiction (see Domestic Relations Law §§ 75-i, 75-j). After both parties testified, the Florida judge found that the father had acquiesced in the child's move to New York in 2013. Accordingly, he declined jurisdiction and dismissed the father's petition. (Domestic Relations Law § 76).
On November 10, 2016, the Bronx Family Court issued an order directing the return of the child, and she was returned to her mother in New York on or about November 11, 2016. On the same day, the Family Court issued a temporary visitation order permitting the father to have the child spend Christmas with him in Florida, and scheduling the next court date for February 6, 2017. The father did not make arrangements to have his daughter visit him for Christmas.
At the February 6, 2017 conference, when the father did not appear, the trial judge [*2]telephoned him. The court advised him that he would have to appear in person at a trial in New York in order to contest the mother's application for custody, and the father said that was "fine." After some discussion, the parties, including the father, agreed that trial would start at 2:30 p.m. on May 9, 2017. The court further advised the father that if he did not appear on that date, she would proceed with the trial. She admonished him that, "If anything happens before that date you have to notify the Court."
On May 9, 2017, when the father failed to appear, the court held an inquest in his absence. The court took testimony from the mother and received in evidence the child's medical and school records.
The court found the mother's testimony to be credible. Specifically, she found that the father did not arrange for the child to visit him in the summer of 2014 and saw her only briefly in New York in the summer of 2015. The court further found that the mother took the child to visit the father in the summer of 2016, and the father did not return her at the end of the summer and registered her for school in Florida. She also found that the only time the father saw the child from November 2016 until trial began in May 2017 was a brief visit in New York in January 2017. The court also found that the mother has been solely responsible for the child's medical and educational needs. She also found that the father had not been involved in the child's education or medical care, and has rarely called her [FN1]. Nevertheless, the court dismissed her modification petition with prejudice, finding that she had failed to demonstrate changed circumstances requiring modification of the custody provisions of the parties' divorce decree. We disagree.
We find that the facts, as found by the trial court, demonstrate three changes in circumstances any one of which would provide a basis for modifying the custody order: 1) the relocation of the mother and the child from Florida to New York, with the father's acquiescence, which rendered the father's visitation schedule impractical, if not impossible (see Matter of Dench-Layton v Dench-Layton, 123 AD3d 1350, 1351 [3d Dept 2014]; see also Matter of Leon T. v Marie J., 132 AD3d 602 [1st Dept 2015]; Matter of Robertson v Robertson, 40 AD3d 1219, 1220 [3d Dept 2007]); 2) the father's decreased involvement in the child's life; and 3) the deterioration in the parents' relationship, as illustrated by the father's failure to return the child at the end of the 2016 summer.
Moreover, we find that the record is sufficient to determine and grant the mother's modification petition on the merits, as she has requested [FN2]. The factual findings made by the trial judge demonstrate that it is in the child's best interests to grant the mother's request for modification of the custody provisions of the parties' divorce decree to award her sole legal and physical custody of the child (Eschbach v Eschbach, 56 NY2d 167 [1982]).
The record demonstrates that the child is doing well in her mother's care. Her medical records entered into evidence indicate that she is healthy and well-cared for. The child's educational records entered into evidence show that the child has improved in school since moving back to New York from Florida in November 2016.
In addition, the fact that the mother has had consistent employment in New York as a surgical technician at the same oral surgery practice since 2014 indicates greater stability and economic improvement in the child's life.
However, it is not possible, at this time, to establish a visitation plan that is in the child's best interests, given the father's failure to testify and present evidence at trial. Accordingly, the [*3]granting of the mother's modification petition shall be without prejudice to further proceedings commenced by either party to establish an appropriate visitation schedule.
The mother does not appear to dispute the Family Court's observation that neither the mother nor her daughter have any connection to Bronx County. Nevertheless, the court erred when it referred all future or subsequent filings in the proceeding to Westchester County because its determination on venue constituted an improper advisory opinion (Family Court Act § 171; Robertson, 40 AD3d at 1221; see also Coleman v Daines, 19 NY3d 1087, 1090 [2012]). In any event, we note that the Family Court expressly accepted jurisdiction over the matter after a hearing on the issue, and that "[i]mproper venue is not a jurisdictional defect requiring dismissal of the action" (Lowenbraun v McKeon, 98 AD3d 655, 656 [2d Dept 2012][internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 6, 2020
CLERK



Footnotes

Footnote 1:The court made these findings without drawing any inference against the father for his failure to testify, which it certainly could have done (Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]).

Footnote 2:The father did not oppose this relief, as he did not file an answer objecting to the mother's modification petition, failed to appear for trial and did not file a brief in this court.