Gubenko v Maderni (2025 NY Slip Op 51742(U))

[*1]

Gubenko v Maderni

2025 NY Slip Op 51742(U)

Decided on October 31, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 31, 2025
Supreme Court, Kings County

Svetlana L. Gubenko, Plaintiff,

against
Rosanna Maderni, Defendant.

Index No. 528131/2025

Ambrosio & Associates, Newark (Roy S. Kruvi of counsel), for plaintiff
Rosanna Maserni, defendant pro se

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Defendant's Motion to Dismiss: NYSCEF Document Nos. 2-8
Plaintiff's Opposition: NYSCEF Document Nos. 9-12
Defendant's Reply in Support of Motion: NYSCEF Document No. 13
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motion is determined as follows.
I. Principal Issue Presented
The principal question presented here is whether the incorrect designation of the county in the caption of the complaint in this action, when filed, denudes the Court of having subject matter jurisdiction, when the correction was made after the statute of limitations expired?

II. Background
Plaintiff's complaint alleged that on August 18, 2022, as she was on the sidewalk on East 14th Street, in Brooklyn, Defendant caused, permitted, and/or allowed her dog to viciously attack and bite Plaintiff multiple times on her face and that, as a result, Plaintiff was severely injured and disfigured. This occurred, according to Plaintiff, because Defendant controlled her dog in a careless, negligent, and reckless manner, thereby permitting and/or allowing the dog to bite and terrorize Plaintiff. (See NYSCEF Doc No. 1, complaint ¶¶ 6-8.)
By pre-answer motion, Defendant seeks dismissal of Plaintiff's complaint, arguing that dismissal is warranted pursuant to CPLR 3211 (a) (5) (statute of limitations), 3211 (a) (7) (failure to state a cause of action), and 3211 (a) (8) (failure to file proof of service).

III. Discussion

(a) Statute of Limitations
The summons and complaint were filed electronically by Plaintiff's counsel as a single document on NYSCEF. According to the Document Revision History on NYSCEF, an original complaint was filed at 10:07:31 AM on August 12, 2025. It was stamped on that date at 10:25:03 AM. At 10:26 AM, a clerk named A. Thomas returned the document at 10:26 AM because the complaint header stated "County of Queens." Thereafter, on August 19, 2025, at 8:46:59 AM, the document was re-filed, this time with the words "County of Kings" within the caption. (See NYSCEF Doc No. 1 Document Revision History, https://iapps.courts.state.ny.us/nyscef/DocumentRevisionHistory?encDktId=U_PLUS_EYgA7sIvKufUV2BP/zpQ==&encDocId=Z5KkKgQdgbJfxMeW7NaJ_PLUS_g==, last accessed Oct. 28, 2025.) Defendant argues that the action is time-barred because the complaint was not accepted for filing until August 19, 2025.
CPLR 304 provides in pertinent part that "An action is commenced by filing a summons and complaint or summons with notice in accordance with rule twenty-one hundred two of this chapter" (CPLR 304 [a]), and that "such filing may be accomplished by facsimile transmission or electronic means, as defined in subdivision (f) of rule twenty-one hundred three of this chapter, where and in the manner authorized by the chief administrator of the courts by rule" (id. 304 [b]). "[F]iling shall mean the delivery of the summons with notice, summons and complaint or petition to the clerk of the court . . . (id. 304 [c]). Further, "[w]here filing is by electronic means, any fee required shall be paid in the time and manner authorized by the chief administrator of the court by rule" (id.), and "the clerk shall, in accordance with rules promulgated by the chief administrator, forthwith notify the filing party of the index number and the date and time of filing" (id. 304 [d]).
In terms of commencing an action, the chief concerns are that the document be literally filed — in person or electronically — and that the fee be paid (see Harris v Niagara Falls Bd. of Educ., 6 NY3d 155 [2006] [improper to file complaint under index number assigned to separate special proceeding for leave to file late notice of claim]; Matter of Fry v Village of Tarrytown, 89 NY2d 155 [1997] [after paying filing fee, petitioner filed an unexecuted order to show cause and petition with the clerk of the court]; Matter of Gershel v Porr, 89 NY2d 327 [1996] [petitioner filed new proceeding without paying for another index number under index number [*2]of proceeding previously voluntarily withdrawn]).
Here, Plaintiff literally filed the summons and complaint on August 12, 2025. NYSCEF reflects that the $210.00 fee was paid for an index number that day. The transaction ID was 120825C2A-F2A329C1-BD40-4ACB-9215-72340A75D032. (See NYSCEF Doc No. 1 Document Detail, 
https://iapps.courts.state.ny.us/nyscef/DocumentDetails?docketId=U_PLUS_EYgA7sIvKufUV2BP%2FzpQ%3D%3D&docRow=b8eTUf6dId2gQ2wc71q%2F4w%3D%3D, last accessed Oct. 28, 2025.)
In MacLeod v County of Nassau (75 AD3d 57 [2d Dept 2010]), it was held that the revised CPLR 2001 could permit a court to disregard the error of a plaintiff filing a personal injury action under the index number of the previously-filed pre-action discovery case. CPLR 2001, as revised in 2007, provides: "At any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid."
The MacLeod Court wrote, "As is evident from the plain language of CPLR 2001, when a court determines whether to permit the correction of a mistake with respect to the commencement of an action or special proceeding, or determines whether that mistake must be disregarded, the key question is whether, if the correction of the mistake is permitted, or the mistake is disregarded, a substantial right of the defendant or respondent would be prejudiced."
As applied to the instant situation, the original filing of the complaint on August 12, 2025, with the words "County of Queens" in the caption, did not affect a substantial right of Defendant. The summons set forth Kings as the county, and to the right of the caption in the summons it stated that "Plaintiff designates Kings County as the place of trial." The error, pointed out to Plaintiff by the NYSCEF processor, A. Thomas, was corrected a few days later, on August 19, 2025. It is irrelevant that the error was corrected after the expiration of the statute of limitations on August 18, 2025. An error in venue does not warrant dismissal of an action (see Lowenbraun v McKeon, 98 AD3d 655, 656 [2d Dept 2012]); this is hornbook law (see State of New York v Cohen, 123 Misc 2d 51, 53 [Sup Ct, NY County 1983]). Here, there was not even an error in venue. The action was filed in Kings County. The only error was including the wrong county in the caption of the complaint. The Court deems the error correctable under CPLR 2001, especially since the filing fee was paid on August 12, 2025.
That the clerk purportedly did not accept the filing until the correction was made on August 19, 2025, is likewise irrelevant. CPLR 2001 permits the correction of insubstantial errors. This would even include the filing of the complaint on the wrong electronic platform (see Grskovic v Holmes [2d Dept 2013]) or an incorrect year in a petition or complaint (see Greenfield v Town of Babylon Dept. of Assessment [2d Dept 2010]).
The act of filing the initial summons of complaint on August 12, 2025 marked the interposition of the claim (see MacLeod v County of Nassau, 75 AD3d at 64), the index number fee was paid (CPLR 2001; Harris v Niagara Falls Bd. of Educ., 6 NY3d 155; Matter of Fry v Village of Tarrytown, 89 NY2d 155), and Defendant was served on September 3, 2025 with the corrected version of the complaint (along with the summons), i.e., the one stating "County of Kings" (cf. Achtziger v. Fuji Copian Corp., 209 AD2d 946 [4th Dept 2002]) This fulfills the [*3]requirements. Even if Defendant had been served with a copy of the complaint containing the wrong county, it would not have constituted a jurisdictional defect (see Johns v Van Brunt Motors, Inc., 89 AD3d 1188 [3d Dept 2011] [service of a summons with notice after filing a summons and complaint]).
That branch of Defendant's motion predicated on CPLR 3211 (a) (5) is without merit and is denied.
(b) Stating Cause of Action
When a party moves pursuant to CPLR 3211 (a) (7) to dismiss an action, the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action (see Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010]). In deciding the motion, the court must accept the facts as alleged by the plaintiff as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
Here, the complaint sufficiently alleges a cause of action for negligence on the part of Defendant with respect to controlling her dog, which allegedly bit Plaintiff (see Flanders v Goodfellow, 44 NY3d 57 [2025]; LaRocca v Lauer, 240 AD3d 867 [2d Dept 2025]). This branch of Defendant's motion also must be denied.
(c) Failure to File Proof of Service
Plaintiff filed proof of service of the summons and complaint on September 9, 2025 (see NYSCEF Doc No. 9). Since service was made on September 3, 2025, this was within the 20-day deadline of CPLR 308 (4). In any event, the failure to file proof of service is a procedural irregularity, not a jurisdictional defect, that may be cured by motion or sua sponte by the court in its discretion pursuant to CPLR 2004 (see Khan v Hernandez, 122 AD3d 802 [2d Dept 2014]). This branch of Defendant's motion likewise must be denied.

IV. Conclusion
Accordingly, it is hereby ORDERED that Defendant's motion to dismiss Plaintiff's complaint is denied in its entirety. Defendant shall serve and file her answer within 20 days from service upon her of a copy of this decision and order with notice of entry.