■ In the Matter of SHARON L. GILLARD, Appellant, v JOHN W. GILLARD, JR., Respondent. [661 NYS2d 378] —Order unanimously reversed in the exercise of discretion without costs, petition granted and matter remitted to Genesee County Family Court for further proceedings in accordance with the following Memorandum: Upon our independent review of the record and in the exercise of our discretion, we grant the petition to modify respondent father's court-ordered visitation (*see, Phoenix Mut. Life Ins. Co. v Conway*, 11 NY2d 367, 370-371). The record establishes that the parties were married on September 10, 1989, had one child, who was born on May 20, 1992, and were divorced on November 18, 1992. The stipulation of the parties, which was incorporated but not merged into the judgment of divorce, provided that the parties would have joint custody of the child; primary residence was with petitioner and respondent had visitation with the child every other weekend and on alternating holidays.

In June 1996 petitioner sought modification of the court-ordered visitation based on changed circumstances, i.e., her engagement to a resident of Vancouver, British Columbia, with significant business interests there. Petitioner asserted that she planned to remarry and move to Vancouver, thereby making the present visitation schedule impossible. Petitioner requested modification of the present visitation order "to reflect the distance and the cost of visitation." In effect, petitioner sought court approval of her relocation to Vancouver. Respondent objected to petitioner's request to change his visitation schedule, but did not seek a change of custody. Following a hearing, Family Court concluded that modifying respondent's visitation, which in effect would allow petitioner's relocation to Vancouver, was not in the child's best interests.

The evidence adduced at the hearing on the petition establishes that respondent generally exercises his alternate weekend and holiday visitation and is actively involved with the child during visitation. Respondent drives the child to soccer games and on occasion attends the child's other extracurricular activities. The child loves respondent and enjoys visitation with him. He also has an amicable relationship with respondent's companion and her son. Evidence was also adduced at the hearing that the child has a close relationship with respondent's family members, who live in Genesee County. The record, however, also establishes that respondent has requested extra visitation only infrequently and has not been actively involved in the child's education or medical treatment.

It was additionally established that petitioner has always been the primary caretaker of the child. Despite that responsibility, petitioner has been required to work full time since the parties' divorce and has even taken an extra part-time job to meet her financial burdens as a single parent. Petitioner testified that her work schedule has been stressful and has limited her ability to spend time with the child. Petitioner's fiancé has an income in excess of $100,000 and significant business interests in Vancouver. Those business interests prohibit his moving to New York. Petitioner testified that her fiancé has a good relationship with the child and that, if she remarried, she would not be required to work and could spend more time with her child. Moreover, the marriage and relocation to Vancouver would significantly improve petitioner's economic status, and the child would gain the advantages of living in a household with a happily married couple. Additionally, upon their marriage, petitioner and her fiancé plan to set up a college fund for the child.

In his written report, the Law Guardian stated that the child wished to stay with petitioner even if she relocated and that the child had no fears about moving to Vancouver except for the issue of visitation with his father. The Law Guardian recommended that the petition be granted because the relocation would greatly improve the financial condition of petitioner and the child, petitioner could spend more time with the child, and the child would be placed in a loving family unit with equal if not greater educational and cultural opportunities.

During the hearing, petitioner proposed that visitation be modified to provide for visitation between respondent and the child over Christmas and spring vacations and for the entire summer. Petitioner offered to pay the child's transportation to and from Vancouver and testified that she would encourage respondent to visit the child in Vancouver. The Law Guardian supported that visitation schedule with the proviso that petitioner, who indicated that she would return with the child to New York during the summer, should have the child on alternating weekends during summer vacation.

In the exercise of our discretion and based on our consideration of the factors enunciated in *Matter of Tropea v Tropea* (87 NY2d 727) and the evidence at the hearing, we conclude that petitioner established by a preponderance of the evidence that modification of respondent's visitation schedule based on her proposed relocation would serve the child's best interests. In *Tropea (supra*, at 741), the Court wrote that, in determining whether to grant a relocation request, the test is whether the relocation would "serve the child's best interests." The factors to consider in making that determination "include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the child through suitable visitation arrangements" (*Matter of Tropea v Tropea, supra*, at 740-741). Furthermore, the Court stated (*supra*, at 740) that, "[i]n some cases, the child's interests might be better served by fashioning visitation plans that maximize the noncustodial parent's opportunity to maintain a positive nurturing relationship while enabling the custodial parent, who has the primary child-rearing responsibility, to go forward with his or her life." This is one of those

cases. Consequently, we reverse the order, grant the petition and remit the matter to Genesee County Family Court to fashion a visitation schedule that maximizes respondent's opportunity to maintain a positive and nurturing relationship with the child. (Appeal from Order of Genesee County Family Court, Graney, J.—Visitation.) Present—Green, J. P., Pine, Lawton, Boehm and Fallon, JJ.