Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

■ DOMINIQUE S. THOMAS, Respondent, v KENNETH J. THOMAS, Appellant. [705 NYS2d 435] —Graffeo, J. Appeal from a judgment of the Supreme Court (O'Brien, III, J.), granting, *inter alia*, primary physical custody of the parties' child to plaintiff, entered January 13, 1999 in Madison County, upon a decision of the court.

The parties are the parents of a child born in 1993 and, upon separation in 1995, Family Court issued an order providing for joint custody of the child with primary residence of the child with plaintiff. An action for divorce was commenced in July 1997 and, simultaneously, by order to show cause, plaintiff sought permission to relocate to Massachusetts with her son to live in a duplex owned by her mother. Supreme Court continued the prior custody order and granted a temporary order permitting relocation. At the conclusion of a hearing conducted in September 1998, Supreme Court found that relocation was in the best interest of the child. A final judgment of divorce was thereafter entered, *inter alia*, providing for joint custody with the child's primary residence with plaintiff in Massachusetts. Defendant now appeals.

We affirm. Contrary to defendant's contention, Supreme Court properly assessed the issue of relocation in its determination of the best interest of the child. It is well settled that when considering relocation requests, the court must consider all relevant circumstances "with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea*, 87 NY2d 727, 739; *see, Matter of Huff v Keely*, 240 AD2d 865). A review of the record reveals that plaintiff has consistently had primary physical custody, with defendant's consent, and she has been the primary caregiver since the child's birth. Supreme Court also found that the relocation had resulted in relatively minimal impact upon defendant's access to the child. For two years prior to her move to Massachusetts, plaintiff's residence was a 1½-hour drive from defendant's home and she usually transported the child back and forth to visit defendant. Notwithstanding the relocation, defendant has visitation three weekends per month, as well as extended summer visitation. The parties have further arranged to meet at a location 1½ hours from the other's home in order to facilitate visitation. Notably, Supreme Court emphasized that the child's best interest was served by relocating with plaintiff in light of the support system available to plaintiff in Massachusetts, including

the presence of her family to assist in child care and her retention of medical services.

Based on the foregoing, we conclude that Supreme Court fully considered the issues surrounding relocation in rendering its determination of the best interest of the child. Although the court should have conducted a hearing prior to permitting temporary relocation (*cf.*, *Miller-Glass v Glass*, 237 AD2d 723; *Matter of Klang v Klang*, 235 AD2d 476; *Matter of Davies v Davies*, 223 AD2d 884), we find that under the circumstances of this case reversal is not warranted. Supreme Court's temporary order provided for the continuation of the provisions of the original Family Court order with respect to primary physical custody and, subsequent to relocation, defendant was permitted liberal visitation. We therefore find no impairment of defendant's "meaningful access" to his son (*Matter of Tropea v Tropea, supra*, at 739) during the interval prior to Supreme Court's final determination.

Crew III, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.