In the Matter of TANYA BOYER, Appellant, v TROY BOYER, Respondent. [722 NYS2d 322] —Order unanimously reversed in the exercise of discretion without costs, petition granted, cross petition denied and matter remitted to Jefferson County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding seeking modification of respondent's visitation with the parties' child based upon petitioner's relocation with the child from Onondaga County to Jefferson County. Respondent cross-petitioned for an order awarding him custody of the child. Family Court denied the petition and transferred primary physical residence of the child from petitioner to respondent. "It is well settled that when considering relocation requests, the court must consider all relevant circumstances 'with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child' " (*Thomas v Thomas,* 271 AD2d 726, quoting *Matter of Tropea v Tropea,* 87 NY2d 727, 739). In the exercise of our discretion and based on our consideration of the evidence in light of the factors enunciated in *Matter of Tropea v Tropea (supra),* we conclude that modification of respondent's visitation schedule based on petitioner's relocation rather than a transfer of primary physical residence to respondent would serve the child's best interests (*see, Matter of Sean I. R. v Jennifer J. B.,* 251 AD2d 1034; *Matter of Gillard v Gillard,* 241 AD2d 966, 968-969). The primary physical residence of the child has been with petitioner and petitioner has been the primary caretaker since the child's birth in 1990 (*see, Thomas v Thomas, supra; Matter of Gillard v Gillard, supra,* at 967; *Matter of Schindler v Schindler,* 227 AD2d 634). The relocation will enhance the financial situation of petitioner and the child, and it will allow petitioner to spend more time with her (*see, Matter of Gillard v Gillard, supra,* at 968). Further, although the relocation will affect the frequency of respondent's visitation, petitioner has demonstrated her willingness to maintain a visitation schedule that will enable respondent "to maintain a positive nurturing relationship" with the child (*Matter of Tropea v Tropea, supra,* at 740). Finally, we agree with the Law Guardian that the transfer of primary physical residence from petitioner to respondent is not in the child's best interests (*see, Carlson v Carlson,* 248 AD2d 1026, 1028).

Thus, we reverse the order, grant the petition, deny the cross petition, and remit the matter to Jefferson County Family Court to fashion an appropriate visitation schedule. (Appeal from Order of Jefferson County Family Court, Hunt, J.—Custody.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.