■ In the Matter of RUDOLPH F. SCIALDO, II, Appellant, v CASEY A. COOK, Respondent. [862 NYS2d 238]—

Appeal from an order of the Family Court, Herkimer County (John E. Flemma, J.H.O.), entered January 4, 2007 in a proceeding pursuant to Family Court Act article 6. The order, among other things, denied the petition to modify a prior order of custody and visitation.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father appeals from an order that, inter alia, denied his petition to modify a prior order of custody and visitation and granted that part of the cross petition of respondent mother seeking permission for the child to relocate with her to Florida. The prior order of custody and visitation was entered on consent of the parties approximately one year after the child's birth and granted the mother sole custody of the child, with visitation to the father. The child has resided with the mother and his half sister since birth. The father has exercised his visitation rights and, together with his extended family, has developed a relationship with the child.

We conclude that Family Court properly denied the father's petition, pursuant to which the father sought to modify the prior order by awarding the parties' joint legal custody and "shared physical custody" of the child. " '[W]here an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[ ]' " (*Matter of Brown v Marr*, 23 AD3d 1029, 1029 [2005]). Here, the proposed relocation of the mother alone does not constitute a change in circumstances sufficient to modify the prior order inasmuch as she has agreed to remain in New York if her cross petition is denied (*see Matter of Jennifer L.B. v Jared R.B.*, 32 AD3d 1174, 1175 [2006]), and the record contains no other evidence demonstrating a sufficient change in circumstances. In any event, even assuming, arguendo, that the father established the requisite change in circumstances, we conclude that there was no showing that modification of the prior order would be in the best interests of the child (*cf. Brown*, 23 AD3d at 1030).

We further conclude that the court properly granted that part of the cross petition seeking permission for the child to relocate with the mother to Florida. Based on our consideration of the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]), we conclude that the mother met her burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child's best interests. The mother has been the primary caretaker of the child since his birth (*see Fruchter v Fruchter*, 288 AD2d 942 [2001]), and the mother's family has continuously been involved in the child's life. Indeed, the child has a relationship with a maternal aunt and cousins who reside in Florida. Further, the relocation will "enhance the financial situation" of the mother and the child (*Matter of Boyer v Boyer*, 281 AD2d 953, 953 [2001]). Although the relocation will affect the frequency of the father's visitation, we note that the court ordered that the father "shall be entitled to visit his son in the state of Florida at any time that he is able to do so" and that the cost of transporting the child for visitation is to be divided equally between the parties. Present— Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.