In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated August 20, 2007, as, after a hearing, *788 denied those branches of her petition which were to modify a prior custody order of the same court (MacKenzie, J.), dated December 2005, awarding the parties joint custody of their child, so as to award her sole custody of the child and permit her to relocate with the child to Florida, and the father cross-appeals, as limited by his brief, from stated portions of the same order dated August 20, 2007, which, inter alia, denied that branch of his petition which was to modify the prior custody order dated December 2005, so as to award him sole custody of the child.
Ordered that the order dated August 20, 2007, is modified, on the law, by deleting the provisions thereof denying those branches of the mother’s petition which were to modify the prior custody order dated December 2005, so as to award her sole custody of the subject child and permit her to relocate with the child to Florida and substituting therefor provisions granting those branches of the mother’s petition; as so modified, the order dated August 20, 2007, is affirmed, with costs to the mother, the prior custody order dated December 2005, is modified accordingly, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.
Where, as here, an order of custody is entered on stipulation, a court cannot modify the order unless a sufficient change of circumstances, since the time of the stipulation, is established, and then only when a modification would be in the best interests of the child (see Matter of Scialdo v Cook, 53 AD3d 1090, 1090 [2008]). The record establishes such a sufficient change of circumstances here, based on the mother’s inability to meet her expenses after moving from the marital residence with the subject child. Moreover, given the totality of the circumstances herein, an award of custody to the mother would be in the child’s best interests.
Contrary to the Family Court’s determination, the mother established by a preponderance of the evidence that the proposed relocation to Florida was in the subject child’s best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]). “[E]conomic necessity . . . may present a particularly persuasive ground for permitting the proposed move” (id. at 739). The mother amply demonstrated that, even if she were to obtain full-time employment at a salary commensurate with her prior employment, she could not afford both an apartment and daycare on Long Island, where the father resides. Accordingly, the Family Court should have granted her permission to relocate (see Miller v Pipia, 297 AD2d 362, 366 [2002]).
We remit this matter to the Family Court for determination of an appropriate postrelocation visitation schedule that *789 provides liberal visitation for the father, inter alia, on holidays, during school recesses, and during summer vacations, but reserves some holidays and summer vacation days for the mother (see Matter of Nikolic v Ingrassia, 47 AD3d 819, 821-822 [2008]).
In light of our determination, we need not address the father’s remaining contention. Mastro, J.E, Rivera, Covello and Leventhal, JJ., concur.