Matter of Townsend v Mims (2018 NY Slip Op 08881)





Matter of Townsend v Mims


2018 NY Slip Op 08881


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1459 CAF 17-01277

[*1]IN THE MATTER OF WILLIAM J. TOWNSEND III, PETITIONER-RESPONDENT,
v
RASHIDA MIMS, RESPONDENT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
STUART J. LAROSE, SYRACUSE, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered June 13, 2017 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, authorized petitioner to relocate with the subject children to North Carolina. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, granted the amended cross petition of petitioner father seeking to modify a prior order of custody and visitation by allowing the parties' teenage children to relocate with him to North Carolina. We affirm.
Contrary to the mother's contention, upon our review of the relevant factors (see generally Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]), we conclude that the father met his burden of demonstrating by a preponderance of the evidence that the proposed relocation is in the children's best interests. The father established that the proposed relocation would enhance the children's lives economically, emotionally, and educationally, inasmuch as, among other things, the father and the children would unite under a single household with the father's new wife and her daughter, with whom the children are close, thereby allowing for the combination of two incomes and consolidation of household expenses (see Matter of Bobroff v Farwell, 57 AD3d 1284, 1286 [3d Dept 2008]; Matter of Scialdo v Cook, 53 AD3d 1090, 1092 [4th Dept 2008]). The father, who was the children's primary caretaker, also has another child in North Carolina with whom the children have a close relationship (see generally Scialdo, 53 AD3d at 1092). In addition, the children expressed their desire to relocate with the father to North Carolina and, " [w]hile the express wishes of children are not controlling, they are entitled to great weight, particularly where[, as here,] their age and maturity . . . make[s] their input particularly meaningful' " (Matter of Minner v Minner, 56 AD3d 1198, 1199 [4th Dept 2008]). Although the relocation will affect the frequency of the mother's visitation, the father demonstrated his willingness to foster communication and to facilitate extended visitation during school recesses and summer vacation, including by bearing the costs and responsibility for transportation, that will enable the mother "to maintain a positive nurturing relationship" with the children (Tropea, 87 NY2d at 740; see Scialdo, 53 AD3d at 1092; Matter of Boyer v Boyer, 281 AD2d 953, 953 [4th Dept 2001]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court