Matter of Darlene A. v Carl C. (2023 NY Slip Op 06777)

Matter of Darlene A. v Carl C.

2023 NY Slip Op 06777

Decided on December 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 28, 2023

534499
[*1]In the Matter of Darlene A., Respondent,
v
Carl C., Appellant. (Proceeding No. 1.) (And Another Related Proceeding.)
In the Matter of Carl C., Appellant,
v
Darlene A., Respondent. (Proceeding No. 3.) (And Another Related Proceeding.)

Calendar Date:November 14, 2023

Before:Egan Jr., J.P., Pritzker, Fisher, McShan and Powers, JJ.

Dana L. Salazar, East Greenbush, for appellant.
Eric M. Galarneau, Albany, for respondent.
Joseph R. Williams, Albany, attorney for the child.

Powers, J.
Appeal from an order of the Family Court of Rensselaer County (Jill A. Kehn, J.), entered November 1, 2021, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody/visitation.
Darlene A. (hereinafter the mother) and Carl C. (hereinafter the father) are the parents of a daughter (born in 2014). Pursuant to a 2018 order, the mother was awarded sole legal and physical custody of the child. The father was granted, among other things, supervised visitation with the child as the parties agree, with the father directed not to use alcohol or illegal drugs during or within 24 hours preceding visits. In November 2020, the mother filed, as relevant here, a modification petition seeking to restrict the father's supervised visits to public venues and for it to be of limited duration. The father filed, as relevant here, a cross-petition requesting custody of the child.
Following a hearing in October 2021, Family Court dismissed the father's petition and, based on the mother's petition, modified the prior order to impose additional restrictions on the father's visitation with the child. Specifically, the court directed, among other things, that the parties communicate solely through the Talking Parents App, that the father exercise his supervised visits only in mutually agreed-upon public places or through incidental contact if he attends the child's extracurricular activities and that the father have reasonable telephone and video communication with the child, monitored by the mother, who may terminate any such communication if the father appears to have consumed alcohol. As a prerequisite to seeking less restrictive visits, the father must submit to a mental health evaluation and a substance abuse evaluation, to include the mother and the attorney for the child as collateral sources and also authorize the evaluator access to his prior criminal and mental health history. The father appeals.
Inasmuch as the parties do not dispute that a change in circumstances has occurred since the 2018 order, the sole issue before us is whether Family Court's order is in the best interests of the child (see Matter of Daniel XX. v Heather WW.,180 AD3d 1166, 1166 [3d Dept 2020]; Matter of Nathanael G. v Cezniea I., 151 AD3d 1226, 1227 [3d Dept 2017]; Matter of Walter TT. v Chemung County Dept. of Social Servs., 132 AD3d 1170, 1170 [3d Dept 2015]). "Factors to be considered in a best interests analysis include maintaining stability in the child's life, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each party's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Daniel XX. v Heather WW., 180 AD3d at 1166 [internal quotation marks and citations omitted]). We accord great deference to the factual findings and credibility assessments [*2]of the hearing court and will not disturb its determination unless it is unsupported by a sound and substantial basis in the record (see id. at 1167).
The father contends that the mother's proof consisted only of inferences and unsubstantiated proof as to his alcohol use and mental health issues, which Family Court should not have deemed sufficient to deprive him of meaningful time with the child. Notably, the record does not contain diagnoses or other medical proof demonstrating that the father suffers from alcohol addiction or has a history of mental health disorders. However, Family Court heard detailed testimony regarding the father's daily conduct including slurred speech, unsteady gait and destruction of property, all of which has occurred in the presence of the child notwithstanding that his mother — an elderly woman — was in the role of visitation supervisor. In fact, the precipitating event which prompted the mother to seek restrictions on the father's visits beyond those imposed in the prior order involved him locking the child inside a camper to prevent the mother's access while the child was fearful and crying. Following his arrest by law enforcement during that event, he began a campaign of demeaning, sexually degrading and extremely derogatory and harassing text messages to the mother at all hours of the day and night which persisted for weeks. Indeed, the court characterized the language to which the father had exposed the child as language that it "[could not] believe that anyone would say" in the presence of a child. The record also reveals that he is inconsistent with his calls to the child, causing the child significant emotional distress. Thus, we find that Family Court was justifiably concerned about the child's well-being and did not err in imposing conditions on the father's visitation until such time as he achieves some level of stability and demonstrates appropriate parental judgment (see Matter of LaRussa v Williams, 114 AD3d 1052, 1055 [3d Dept 2014]). Based on the foregoing, we find that Family Court's determination is supported by a sound and substantial basis in the record.
Egan Jr., J.P., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.