Matter of O'Dell v O'Dell (2025 NY Slip Op 00551)

Matter of O'Dell v O'Dell

2025 NY Slip Op 00551

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

748 CAF 23-01808

[*1]IN THE MATTER OF FRANK O'DELL, PETITIONER-RESPONDENT,
v
AYESHA O'DELL, RESPONDENT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR RESPONDENT-APPELLANT. 
FERN S. ADELSTEIN, OLEAN, FOR PETITIONER-RESPONDENT.
JAY D. CARR, OLEAN, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Cattaraugus County (Deborah J. Scinta, R.), entered October 10, 2023, in a proceeding pursuant to Family Court Act article 6. The order, among other things, directed that petitioner's supervised visitation with the subject child shall take place at the locations the supervisor deems appropriate. 
It is hereby ORDERED that the order so appealed from is unanimously modified in the exercise of discretion by striking from the fifth ordering paragraph the phrase "at the locations the supervisor deems appropriate" and substituting therefor the phrase "either in the supervisor's home or in a public location" and as modified the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, designated a family friend to supervise petitioner father's access with the subject child and directed that access would take place at locations the supervisor deemed appropriate. The mother contends that Family Court erred in designating the family friend to supervise access and in permitting the supervisor to determine the location for that access.
"Although, as a general rule, the custody determination of the trial court is entitled to great deference . . . , '[s]uch deference is not warranted . . . where the custody determination lacks a sound and substantial basis in the record' " (Matter of Cole v Nofri, 107 AD3d 1510, 1511 [4th Dept 2013], appeal dismissed 22 NY3d 1083 [2014]; see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]; Matter of Edmonds v Lewis, 175 AD3d 1040, 1042 [4th Dept 2019], lv denied 34 NY3d 909 [2020]). In addition, " '[o]ur authority in determinations of custody [and visitation] is as broad as that of Family Court' " (Cole, 107 AD3d at 1511; see also Matter of Boyer v Boyer, 281 AD2d 953, 953 [4th Dept 2001]). Here, we conclude that the court's determination to appoint the supervisor is supported by a sound and substantial basis in the record, but we exercise our discretion to modify the order by directing that the father's access take place either in public or at the supervisor's house (see Matter of Darlene A. v Carl C., 222 AD3d 1276, 1278 [3d Dept 2023]; Cesario v Cesario, 168 AD2d 911, 911 [4th Dept 1990]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court