■ In the Matter of DEBRA MALANDRO, Respondent, v MARK LIDO, Appellant. [645 NYS2d 845] —In a proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Tolbert, J.), entered September 22, 1995, as granted the mother's petition for permission to relocate to Florida with the parties' infant daughter.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties, who were never married, are the parents of a preschool-aged daughter. Pursuant to an order of the Family Court, Westchester County, dated December 21, 1993, the mother had custody of the child but was forbidden from moving out of the State of New York with the child without prior permission of court. In December 1994 the mother commenced this proceeding in the Family Court, Westchester County, to obtain leave to move to Florida with the child. The father was improperly served with the original order to show cause. However, apparently finding that the father had actual knowledge of the commencement of the proceeding, the court granted the mother leave to relocate to Florida with the child, and the mother and child moved to Florida.

The father was later successful in reopening the case, and the mother submitted an amended petition. In response thereto the court held a hearing at which the mother testified that she moved to Florida since she was unable to find a job in New York, because her parents lived in Florida and would be able to provide her with free housing and child care, and because the child's asthma was exacerbated by the cold weather in New York. Although he was present at the hearing, the father neither testified nor presented any witnesses on his behalf. The court found, *inter alia,* that it would not be in the child's best interest to relocate yet again and granted the petition.

After the parties submitted their briefs in this action, but before this appeal was argued, the Court of Appeals decided the case of *Tropea v Tropea* (87 NY2d 727) which abolishes the need to establish "exceptional circumstances" in order to justify relocation. Under *Tropea,* relocation may be permitted if the custodial parent can demonstrate, by a preponderance of the evidence, that the proposed move would serve the child's best interests (*see, Tropea v Tropea,* 87 NY2d 727, *supra*).

We agree with the Family Court that the child's best interests would not be served by forcing her to move back to New York after having already relocated and becoming settled in Florida. In addition, the evidence that the move was engendered by the mother's inability to find work in New York and because of her concern for her daughter's health is unrefuted. "[E]conomic necessity or a specific health-related concern may present a particularly persuasive ground for permitting the proposed move" (*Tropea v Tropea*, 87 NY2d 727, 739, *supra*). Accordingly, under all of the circumstances, the mother's petition was properly granted. Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.