**41** In the Matter of AMANDA H., on Behalf of BRONWYN W., Appellant-Respondent, v PAUL ROBERT W., Respondent-Appellant. [646 NYS2d 705] —In a proceeding pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Family Court, Westchester County (Bellantoni, J.), dated December 7, 1995, which awarded the father supervised visitation with the subject child on an interim basis pending the determination of the proceeding. The father separately appeals, by permission, from the same order and an order of the same court, dated August 2, 1995, which granted the mother's motion for disclosure of certain Child Protective Services records which had previously been expunged from the New York State Child Abuse and Maltreatment Register.

Ordered that the appeals are dismissed as academic, without costs or disbursements, and the Family Court is directed to return the Child Protective Services records to the Westchester County Attorney in accordance herewith.

Prior to the calendar date of these appeals, the Family Court rendered a final determination terminating the father's visitation with the subject child. Since a final visitation determination has now been made, any determination by this Court with respect to the interim visitation order will have no effect upon the parties' rights. Therefore, the appeals from the order dated December 7, 1995, are dismissed as academic *(see, Del Priore v Gindel,* 226 AD2d 580; *Ashhurst-Watson v Watson,* 222 AD2d 542).

The father's appeal from the order dated August 2, 1995, also is academic. By decision and order of this Court dated September 6, 1995, disclosure of the Child Protective Services records was stayed pending the determination of these appeals.

Thus, the records were not disclosed and the final visitation determination was made without reference thereto. Accordingly, there is no longer a genuine controversy concerning the disclosure of these records. The lone surviving set of these records, which were subpoenaed from the Westchester County Attorney's office prior to the determination that they should be expunged and which have been maintained under seal by the Family Court, should be returned, unopened, to the Westchester County Attorney for such disposition as the County Attorney deems appropriate. Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.