■■■ TRACIE CARLSON, Appellant, v TERRY CARLSON, Respondent. (Appeal No. 1.) [670 NYS2d 297] —Order insofar as appealed from unanimously reversed in the exercise of discretion without

costs, motion denied in part, petition granted in part and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Under the terms of their stipulation, incorporated into the divorce decree, the parties agreed that they would have joint custody of their two children and that primary physical placement of the children would be with plaintiff. The parties further stipulated that plaintiff "shall make a reasonable attempt to keep the children in the Cassadaga School System and will not remove them from the Cassadaga School System without first petitioning the court and letting the court decide whether her reasons are reasonable and circumstances favor her removing the children to another school district." The visitation schedule fashioned by the parties was to be effective "so long as the children remain in the Cassadaga School System."

In July 1996, three months after the entry of the divorce decree, plaintiff moved approximately 25 miles from the former marital residence, located in the Cassadaga Central School District, to the home of her fiancé, located in the Panama Central School District. Defendant moved for an order modifying the divorce decree by awarding him primary physical placement of the children, and plaintiff petitioned for an order permitting her to enroll the children in the Panama Central School District and modifying the visitation provisions of the divorce decree. Following a hearing, Supreme Court granted the motion in part, denied the petition in part, transferred primary physical placement of the children to defendant, and established a visitation schedule for plaintiff. That schedule was subsequently expanded in a supplemental order.

In the exercise of our discretion and based on our consideration of the evidence presented in light of the factors enunciated in *Matter of Tropea v Tropea* (87 NY2d 727), we conclude that permitting plaintiff to enroll the children in a school outside the Cassadaga school system and modifying the visitation schedule based upon plaintiff's relocation would serve the children's best interests (*see, Matter of Tropea v Tropea, supra,* at 741; *Matter of Gillard v Gillard,* 241 AD2d 966). Plaintiff presented evidence that she made a reasonable attempt to find housing within the Cassadaga school system and that the move was motivated by the failure of that attempt, together with her impending remarriage and the opportunity to improve her economic situation (*see, Matter of Tropea v Tropea, supra,* at 739). Although the relocation will affect the existing visitation schedule, the overall impact on the relationship between defendant and the children will be minimal in view of the distance

involved (*see, Matter of Tropea v Tropea, supra*, at 739). Further, although the parties expressed a preference for the Cassadaga school system in their stipulation, that agreement is not the sole consideration in a determination of the children's best interests (*see, Matter of Tropea v Tropea, supra*, at 741, n 2; *see also, Eschbach v Eschbach*, 56 NY2d 167, 171). Indeed, the evidence fails to establish that the Cassadaga Central School District is superior to the Panama Central School District or that the children's lives would be enhanced educationally by remaining within the Cassadaga school system (*see, Matter of Tropea v Tropea, supra*, at 740-741).

Finally, we agree with the Law Guardian that the proof fails to demonstrate that the transfer of primary physical placement of the children from plaintiff to defendant is in the children's best interests (*see, Matter of Giovannone v Giovannone*, 206 AD2d 869, *lv denied* 84 NY2d 805).

We therefore direct that primary physical placement of the children be restored to plaintiff, and we remit the matter to Supreme Court for further proceedings to establish a visitation schedule. In view of the reversal of the court's determination with respect to placement, the appeal from the supplemental order expanding plaintiff's visitation is dismissed as academic (*see, Matter of Amanda H. v Paul Robert W.*, 230 AD2d 857). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Custody.) Present—Green, J. P., Pine, Lawton, Hayes and Wisner, JJ.