■ In the Matter of LYNN E. CHANCER, Appellant, v GERALD M. STOWELL, JR., Respondent. [773 NYS2d 702]—

Appeal from an order of the Family Court, Onondaga County (Robert J. Rossi, J.), entered April 4, 2003. The order dismissed the petition to modify a judgment of divorce by permitting the parties' child to relocate with petitioner to another state.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking sole custody of the parties' seven-year-old son and permission to move with him to Kansas City because her husband is required by his employer to relocate there. The parties previously were awarded joint custody of the child pursuant to a judgment of divorce that incorporates a 1997 amended custody and visitation order requiring the child to live in central New York.

Family Court properly denied that part of the petition seeking sole custody of the child. The evidence presented at the hearing on the petition establishes that the parties are equally fit as parents (*see Obey v Degling*, 37 NY2d 768, 770 [1975]), and petitioner failed to establish "a change in circumstances which reflects a real need for change to ensure the best interest of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]). The court also properly denied that part of the petition seeking

permission to relocate. We agree with petitioner that the court erred in its implicit determination that she was required to establish a change of circumstances with respect to her request for permission to relocate. Nevertheless, we conclude that the court properly determined that the relocation is not in the best interests of the child (*see generally Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]), particularly in view of the close ties between respondent and the child and the impact of the relocation on their relationship, the young age of the child, his extended family in the central New York area, and the geographical restriction set forth in the prior amended custody and visitation order (*cf. id.* at 741 n 2). Present—Pine, J.P., Wisner, Scudder, Kehoe and Lawton, JJ.