In the Matter of TRACY A. STONE, Appellant, v JEROME WYANT, Respondent. (Appeal No. 1.) [778 NYS2d 816]—

Appeal from an order of the Family Court, Oswego County (David J. Roman, J.), entered May 12, 2003. The order dismissed the petition for violation of a prior order and the petition for modification of custody and granted increased visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating that part of the petition dated December 23, 2002 seeking permission to relocate with the parties' child and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Oswego County, for further proceedings in accordance with the following memorandum: Family Court erred in granting that part of respondent's motion seeking a directed verdict dismissing that part of the petition dated December 23, 2002 in which petitioner seeks permission to relocate with the parties' child to Florida. The court, after discounting petitioner's testimony as self-serving and indicating that there was no compelling reason justifying the relocation, determined that petitioner failed to meet her burden of proof. In the context of a motion for a directed verdict at the close of petitioner's case, however, the court was required to accept petitioner's proof as true (*see Matter of Zito v Pfohl*, 302 AD2d 918 [2003]). Furthermore, to the extent that the court indicated that a compelling reason is necessary to justify the relocation, it appears to have applied a variant of the "exceptional circumstances" test rejected by the Court of Appeals in *Matter of Tropea v Tropea* (87 NY2d 727 [1996]). *Tropea* provides that "each relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*id.* at 739). Although *Tropea* emphasizes that "no single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (*id.* at 738), it indicates that "economic necessity . . . may present a particularly persuasive ground for permitting the proposed move" (*id.* at 739; *see Miller v Pipia*, 297

AD2d 362, 366 [2002]; *Matter of Kryvanis v Kruty,* 288 AD2d 771, 772 [2001]; *Matter of Malandro v Lido,* 229 AD2d 541, 542 [1996]).

Considering the facts in the light most favorable to petitioner, accepting her proof as true and affording her every favorable inference that reasonably could be drawn therefrom, we conclude that petitioner demonstrated an economic necessity for the proposed move (*cf. Zito,* 302 AD2d at 918). We therefore modify the order by denying respondent's motion in part and reinstating that part of the petition dated December 23, 2002 seeking permission to relocate with the parties' child, and we remit the matter to Family Court for a new hearing with respect thereto. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.