In the Matter of CYNTHIA L.C. et al., Respondents, v JAMES L.S., Appellant. [816 NYS2d 659]—

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, J.), entered November 19, 2004 in a proceeding pursuant to Family Court Act article 6. The order continued joint legal custody of the child with petitioners, permitted the child to relocate with petitioners to Florida and granted respondent reasonable visitation with the child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners, the mother and maternal grandmother, commenced this proceeding seeking to modify a prior custody order by permitting the child to relocate with them from Watertown, New York to Florida. Petitioners are the joint legal custodians of the subject child. Contrary to the contention of respondent father, Family Court properly determined that petitioners met their burden of establishing by a preponderance of the evidence that the proposed relocation is in the child's best interests (*see Matter of Brockington v Alexander*, 26 AD3d 884, 885 [2006]; *see also Matter of Boyer v Boyer*, 281 AD2d 953 [2001]; *Matter of Daniels v Daniels*, 224 AD2d 931, 932 [1996]; *see generally Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). Petitioners demonstrated an economic necessity for the proposed move and, "[a]lthough *Tropea* emphasizes that 'no single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome' . . . , it indicates that 'economic necessity . . . may present a

particularly persuasive ground for permitting the proposed move' " (*Matter of Stone v Wyant*, 8 AD3d 1046, 1046 [2004]). Further, the record establishes that respondent has no "accustomed close involvement in the child[ ]'s everyday life" (*Tropea*, 87 NY2d at 740), and thus we conclude that the need to "give appropriate weight to . . . the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" does not take precedence over the need to give appropriate weight to the economic necessity for the relocation (*id.* at 740-741). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.