■ In the Matter of ILANA B. BOBROFF, Appellant, v GARY H. FARWELL JR., Respondent. (And Another Related Proceeding.) [870 NYS2d 559]—

Kavanagh, J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 1995 and have two children (born in 1995 and 1998). In 2005, the parties entered into a separation agreement that provided for joint custody of the children, with the father having physical custody and the mother having liberal parenting time. The agreement specifically

provided that the children could not be moved from their current school district in the Village of Horseheads, Chemung County, without the consent of both parents or by an order authorizing such a move by Family Court. In May 2007, a divorce judgment was issued that incorporated, but did not merge with, the separation agreement. Three weeks after the divorce judgment was entered, the mother commenced the first of these proceedings by filing a Family Ct Act article 6 petition seeking a modification of the custodial arrangement and an award giving her physical custody of the children. The mother claimed that such a change was justified primarily by the fact that the father, without her consent or court approval, had made arrangements to move the children to the City of Corning, Steuben County, and enroll them in a school district there. The father then filed a petition seeking the court's permission for such a move. After a hearing, Family Court dismissed the mother's petition and granted the father's petition permitting him to relocate with the children. The mother now appeals.

We affirm. The mother failed to establish that the relocation of the children to Corning represented a substantial change of circumstances warranting a modification of the existing custodial arrangement (*see Matter of Scialdo v Cook*, 53 AD3d 1090, 1091 [2008]; *compare Matter of Robertson v Robertson*, 40 AD3d 1219, 1220 [2007]). In 2005, prior to the execution of the separation agreement, the mother left the marital home and moved to the City of Ithaca, Tompkins County. Allowing the father to relocate to Corning would only add 12 miles to the distance that the mother now has to travel to visit with the children, and the father agreed that he would help with the additional transportation when possible. Standing alone, this change in the location of the children's residence is not a circumstance which would warrant a modification in the custodial arrangement as previously agreed to by the parties.

The mother also alleged that the father has substantially interferred with her time with the children by enrolling them in extracurricular activities that often resulted in the children returning to her home late on school nights. However, the children have been involved in similar activities for many years, including the period of time when the parties entered into their separation agreement and made their arrangements as to the children's custody.

As for Family Court's decision to allow the father to relocate with the children, the father was required to demonstrate by a preponderance of the evidence that the proposed move to Corning was in the children's best interests (*see Matter of Tropea v*

*Tropea,* 87 NY2d 727, 741 [1996]; *Matter of Cree v Terrance,* 55 AD3d 964, 967 [2008]; *Matter of Brown v Brown,* 52 AD3d 903, 904 [2008]). Among the factors to be considered was the impact such a move would have " 'on the quality and quantity of future contact between the child and the noncustodial parent, and the potential enhancement of the child's and custodial parent's lives' " (*Matter of Armstrong v Crout,* 33 AD3d 1079, 1080 [2006], quoting *Matter of Smith v Hoover,* 24 AD3d 1096, 1096-1097 [2005]). The father remarried and sought permission to relocate with his children so that he could live with his new wife and her children in her home in Corning. Such a consolidation of homestead expenses would have obvious economic benefits, and given the positive relationship that has developed between the children and the stepmother and her children, living in a single-family unit would clearly be in their best interests. Moreover, while the parties' separation agreement did state a preference for the school district in Horseheads, there is no evidence in the record to support the conclusion that the educational opportunities that district offers are superior to those offered by the school district in Corning, "or that the children's lives would be enhanced educationally by remaining within the [Horseheads] school system" (*Carlson v Carlson,* 248 AD2d 1026, 1028 [1998]; *see Matter of Tropea v Tropea,* 87 NY2d at 740; *Matter of Grathwol v Grathwol,* 285 AD2d 957, 960 [2001]). Accordingly, we defer to Family Court's determination that the proposed move to Corning was, under all of the circumstances, in the children's best interests (*see Matter of Tropea v Tropea,* 87 NY2d at 740-741; *Matter of Winn v Cutting,* 39 AD3d 1000, 1002 [2007]).

Finally, the mother's claims that Family Court mischaracterized her testimony are belied by the record and we see no reason to disturb the court's credibility determinations (*see Matter of Gravelding v Loper,* 42 AD3d 740, 742 [2007]; *Matter of Anson v Anson,* 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]). In short, we see no reason to disturb Family Court's order.

Peters, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.