In the Matter of PENINA POLLARD, Respondent, v RAHEEM POLLARD, Appellant. [881 NYS2d 564]—

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, J.), entered May 30, 2008 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, modified a prior order of joint custody by granting petitioner permission for the parties' children to relocate with her to California.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Jefferson County, for a hearing on the petitions.

Memorandum: Respondent father appeals from an order that, inter alia, modified a prior order of joint custody by granting petitioner mother permission for the parties' children to relocate with her to California. We agree with the father that Family Court erred in entering the order upon "default" based on his failure to appear in court. The record establishes that the father was represented by counsel, and we have previously determined that, "[w]here a party fails to appear [in court on a scheduled date] but is represented by counsel, the order is not one entered upon the default of the aggrieved party and appeal is not precluded" (*Matter of Kwasi S.*, 221 AD2d 1029, 1030 [1995]; *see Matter of Shemeco D.*, 265 AD2d 860, 860-861 [1999]; *see also Matter of David A.A. v Maryann A.*, 41 AD3d 1300 [2007]). The court also erred in modifying the prior custody order without conducting an evidentiary hearing. " 'Determinations affecting custody and visitation should be made following a full evidentiary hearing, not on the basis of conflicting allegations' " (*Matter of Kenneth M. v Monique M.*, 48 AD3d 1174, 1174-1175 [2008]), and we are unable to determine on the record before us whether the court " 'possessed sufficient information to render an informed determination that was consistent with the child[ren]'s best interests' " (*Matter of Hopkins v Gelia*, 56 AD3d 1286 [2008]). We therefore reverse the order and remit the matter to Family Court for a hearing on the petitions. Present—Hurlbutt, J.P., Smith, Centra, Pine and Gorski, JJ.