# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**541**

**CAF 09-00644**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF LAUREN KELSO CANADY,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

GERRY BINETTE, RESPONDENT-APPELLANT.

---

SUSAN GRAY JONES, CANANDAIGUA, FOR RESPONDENT-APPELLANT.

PETER O. EINSET, ATTORNEY FOR THE CHILD, GENEVA, FOR JAYNE E.C.

---

Appeal from an order of the Family Court, Ontario County (Maurice E. Strobridge, J.H.O.), entered March 19, 2009 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted the petition for leave to relocate to Louisiana.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order that, inter alia, granted petitioner mother permission for the parties' child to relocate with her to Louisiana. We affirm. We agree with Family Court that the mother met her burden of establishing by a preponderance of the evidence that the proposed relocation is in the child's best interests (*see Matter of Cynthia L.C. v James L.S.*, 30 AD3d 1085).

The father contends that the mother's petition should have been denied because his financial circumstances preclude him from traveling to Louisiana to visit the child. We reject that contention. The father pays minimal child support, leaving the mother as the only financial source for the child's health care, child care, and education. The mother's income potential was limited in the states closest to New York for various reasons, including the highly specialized nature of her work. The mother testified that the jobs that were available closer to or in New York were temporary, whereas the position she obtained in Louisiana was permanent, year-round, paid a generous salary and offered excellent benefits. Thus, inasmuch as "the record establishes that [the father] has no 'accustomed close involvement in the [child's] everyday life' " (*id.* at 1086, quoting *Tropea v Tropea*, 87 NY2d 727, 740), "the need to 'give appropriate weight to . . . the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements' does not take precedence over the need to give

appropriate weight to the economic necessity for the relocation" (*id.*, quoting *Tropea*, 87 NY2d at 740-741).