# SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

**760**

**CAF 11-00899**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF BONNIE L. MINEO,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

THOMAS A. MINEO, RESPONDENT-RESPONDENT.

---

DENIS A. KITCHEN, WILLIAMSVILLE, FOR PETITIONER-APPELLANT.

PATRICIA M. MCGRATH, ATTORNEY FOR THE CHILD, LOCKPORT, FOR THOMAS M.,
V.

---

Appeal from an order of the Family Court, Erie County (Tracey A. Kassman, R.), entered April 12, 2011 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and facts without costs, the motion is denied, and the petition is granted.

Memorandum: Family Court erred in granting the motion of respondent father, made at the close of petitioner mother's proof, seeking dismissal of the petition in which the mother sought an order permitting her to change the school district in which the parties' child was enrolled, from the Grand Island School District to the Kenmore-Tonawanda School District. Under the terms of their separation agreement, which was incorporated but not merged into the judgment of divorce, the parties agreed, inter alia, that "the child [would] not be removed from the Grand Island [S]chool [D]istrict without the expressed written consent of the [father]." " 'While that provision in the [separation] agreement is a relevant factor to consider in determining the child's best interests, it is not dispositive' " (*Petroski v Petroski*, 24 AD3d 1295, 1296-1297; *see Matter of Tropea v Tropea*, 87 NY2d 727, 741 n 2; *Carlson v Carlson*, 248 AD2d 1026, 1028). "Considering the facts in the light most favorable to [the mother], accepting her proof as true and affording her every favorable inference that reasonably could be drawn therefrom" (*Matter of Stone v Wyant*, 8 AD3d 1046, 1047; *see Matter of Zito v Pfohl*, 302 AD2d 918), we conclude that the mother met her initial burden on the petition (*see Stone*, 8 AD3d at 1047; *see also Matter of Bobroff v Farwell*, 57 AD3d 1284, 1286; *Carlson*, 248 AD2d at 1027-1028; *cf. Petroski*, 24 AD3d at 1296-1297; *see generally Tropea*, 87 NY2d at 738-742). Thus, the court erred in granting the father's motion to dismiss the petition at the close of the mother's proof.

In view of the statement of the father's attorney made on the record that he would not have presented evidence at trial had the court denied his motion, we turn to the issue whether the mother established by the requisite preponderance of the evidence that the proposed relocation was in the child's best interests (*see Tropea*, 87 NY2d at 741; *Rauch v Keller*, 77 AD3d 1409, 1410).  Although the court did not engage in that analysis, the record is sufficient for this Court to do so (*see Matter of Brian C.*, 32 AD3d 1224, 1225, *lv denied* 7 NY3d 717).  "In the exercise of our independent power of factual review" (*id.*), we conclude that the mother established as a matter of law that the best interests of the parties' child would be served by granting the petition (*see Tropea*, 87 NY2d at 741).  Here, the record strongly suggests that the relocation would enhance the lives of the mother and the child financially inasmuch as it would alleviate the mother's burden of transporting the child to and from Grand Island Schools or, in the alternative, finding new housing on Grand Island, and would enable the mother to increase her efforts to obtain employment (*see Matter of Scialdo v Cook*, 53 AD3d 1090, 1092; *cf. Matter of Seyler v Hasfurter*, 61 AD3d 1437).  Moreover, there is no indication that the quality of the education provided by the Kenmore-Tonawanda School District is inferior to that of the Grand Island School District (*see Bobroff*, 57 AD3d at 1286; *Carlson*, 248 AD2d at 1028), nor is there evidence that the father's access to the child would be affected by the change in school districts (*cf. Tropea*, 87 NY2d at 742).  Indeed, the primary issue in this case is whether the child may be educated in the Kenmore-Tonawanda School District rather than the Grand Island School District, and by granting the petition at this juncture the child will be able to enroll in the Kenmore-Tonawanda School District at the beginning of the 2012-2013 school year.

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court