# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**616**
**CA 13-02014**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

JOSEPH LAUZONIS, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

COLLEEN LAUZONIS, DEFENDANT-APPELLANT.

---

FLAHERTY & SHEA, BUFFALO (KATHLEEN E. HOROHOE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LEONARD G. TILNEY, JR., LOCKPORT, FOR PLAINTIFF-RESPONDENT.

LAURA A. MISKELL, ATTORNEY FOR THE CHILDREN, LOCKPORT.

---

Appeal from an order of the Supreme Court, Niagara County (Frank
Caruso, J.), entered January 28, 2013.  The order, among other things,
denied defendant's motion to relocate outside the Lewiston-Porter School
District.

It is hereby ORDERED that the order so appealed from is unanimously
modified on the law by vacating the first and third ordering paragraphs
and as modified the order is affirmed without costs, and the matter is
remitted to Supreme Court, Niagara County, for further proceedings in
accordance with the following Memorandum:  In this divorce action,
defendant mother sought permission to relocate with the parties' children
from Lewiston to Grand Island.  An order of custody and visitation provided
that "neither party shall relocate the children out of their current school
district without written consent from the other parent or a court order
approving of same."  At the time of entry of that order, the children
attended school in the Lewiston-Porter School District in Niagara County.
 Plaintiff father thereafter cross-moved for sole custody of the children.
 Supreme Court denied defendant's motion and ordered a hearing on
plaintiff's cross motion for sole custody.  We agree with defendant that
the court erred in denying her motion without conducting a hearing.  We
therefore modify the order accordingly, and we remit the matter to Supreme
Court for a hearing to determine whether the relocation is in the children's
best interests (*see Matter of Chambers v Renaud*, 72 AD3d 1433, 1435).

It is well settled that relocation cases must be considered on a
case-by-case basis "with due consideration of all the relevant facts and
circumstances and with predominant emphasis being placed on what outcome
is most likely to serve the best interests of the child[ren]" (*Matter
of Tropea v Tropea*, 87 NY2d 727, 739).  While a geographic restriction
agreed to by the parties and included in a separation agreement "is a
relevant factor to consider in determining the child[ren]'s best interests,

it is not dispositive" (*Matter of Mineo v Mineo*, 96 AD3d 1617, 1618 [internal quotation marks omitted]; *see Tropea*, 87 NY2d at 741 n 2; *Matter of Bobroff v Farwell*, 57 AD3d 1284, 1284-1286; *Carlson v Carlson*, 248 AD2d 1026, 1028).

Here, the court failed to consider whether the proposed relocation was in the children's best interests, instead denying defendant's motion on the ground that "there [was] no change in circumstances warranting a hearing on the issue of defendant's relocation." That was error (*see Matter of Chancer v Stowell*, 5 AD3d 1082, 1083; *see also Matter of Adams v Bracci*, 91 AD3d 1046, 1046-1047, *lv denied* 18 NY3d 809). Generally, "[d]eterminations affecting custody and visitation should be made following a full evidentiary hearing" (*Matter of Naughton-General v Naughton*, 242 AD2d 937, 938; *see Matter of Pollard v Pollard*, 63 AD3d 1628, 1628), and we conclude that the submissions of defendant in support of her motion "established the need for a hearing on the issue whether [her] relocation is in the best interests of the child[ren]" (*Matter of Stevens v Stevens*, 286 AD2d 890, 890; *see Liverani v Liverani*, 15 AD3d 858, 858-859).

While no single factor is determinative in a relocation case, "economic necessity . . . may present a particularly persuasive ground for permitting the proposed move" (*Tropea*, 87 NY2d at 739; *see Matter of Thomas v Thomas*, 79 AD3d 1829, 1830; *Matter of Cynthia L.C. v James L.S.*, 30 AD3d 1085, 1085-1086). Here, defendant averred that she was unable to find appropriate, affordable housing or a suitable teaching position in the high-priced Lewiston area (*see Piccinini v Piccinini*, 103 AD3d 868, 870; *Matter of Eddington v McCabe*, 98 AD3d 613, 615; *Carlson*, 248 AD2d at 1027). Although plaintiff disputed several of defendant's factual assertions, particularly with respect to the extent of her job search, he did not assert that the proposed move would be detrimental to the children or to his relationship with the children, and he provided no reason for opposing the move, other than defendant's alleged failure to show a change in circumstances (*see Piccinini*, 103 AD3d at 870; *see generally Tropea*, 87 NY2d at 740-741). The proposed relocation involves a distance of only about 17 miles, and there is no indication in the record that plaintiff's access to the children would be significantly affected by the move (*see Mineo*, 96 AD3d at 1619; *Carlson*, 248 AD2d at 1028). Further, there is no indication in the record that the quality of the education provided by the Grand Island School District is inferior to that of the Lewiston-Porter School District, or that the children's lives would be enhanced educationally by remaining within the Lewiston-Porter School District (*see Mineo*, 96 AD3d at 1619; *Carlson*, 248 AD2d at 1028; *see also Bobroff*, 57 AD3d at 1286).

Contrary to the further contention of defendant with respect to plaintiff's cross motion, however, we conclude that plaintiff made "a sufficient evidentiary showing of a change in circumstances to require a hearing on the issue whether the existing custody order should be modified" (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417-1418 [internal quotation marks omitted]; *see Matter of Dipaolo v Avery*, 93 AD3d 1240, 1241; *Matter of Bell v Raymond*, 67 AD3d 1410, 1411). It is well established that "the continued deterioration of the parties' relationship is a

significant change in circumstances justifying a change in custody"
(*Matter of Gaudette v Gaudette*, 262 AD2d 804, 805, *lv denied* 94 NY2d 790;
*see Matter of Ingersoll v Platt*, 72 AD3d 1560, 1561).  Here, plaintiff
asserted in support of his cross motion that there had been a "complete
break[]down in communication" between the parties since entry of the
custody order.  According to plaintiff, defendant had him arrested on
baseless grounds, filed a false child protective services report against
him, and refused to discuss important decisions concerning the children's
health, education, and counseling.  Plaintiff further averred that
defendant "actively tried to tarnish [his] reputation in the community,"
disparaged him in the children's presence, and "actively trie[d] to alienate
. . . the children" from him (*see Matter of Fox v Fox*, 93 AD3d 1224,
1224-1225; *Matter of Ciannamea v McCoy*, 306 AD2d 647, 648; *Matter of Fiori
v Fiori* [appeal No. 1], 291 AD2d 900, 900).  Although defendant disputes
plaintiff's assertions, "[i]t is well established that determinations
affecting custody should be made following a full evidentiary hearing,
not on the basis of conflicting allegations" (*Matter of Smith v Brown*,
272 AD2d 993, 993; *see Pollard*, 63 AD3d at 1628).

Entered:  August 8, 2014                              Frances E. Cafarell
                                                      Clerk of the Court