Matter of Abdo v Ahmed (2018 NY Slip Op 04899)





Matter of Abdo v Ahmed


2018 NY Slip Op 04899


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.


783 CAF 17-00730

[*1]IN THE MATTER OF AHMED Z. ABDO, PETITIONER-RESPONDENT,
v
MALLOCHE A. AHMED, RESPONDENT-APPELLANT. 






DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-APPELLANT. 
CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-RESPONDENT. 
MICHELE A. BROWN, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered March 14, 2017 in a proceeding pursuant to Family Court Act article 6. The order granted sole custody of the subject children to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the phrase "on default" in the caption and the phrase "and Respondent having failed to appear" preceding the ordering paragraphs, and as modified the order is affirmed without costs.
Memorandum: Respondent mother appeals from an order that granted sole custody of the subject children to petitioner father with supervised visitation to the mother. We agree with the mother that Family Court erred in entering the order upon the mother's default based on her failure to appear in court. The record establishes that the mother "was represented by counsel, and we have previously determined that, [w]here a party fails to appear [in court on a scheduled date] but is represented by counsel, the order is not one entered upon the default of the aggrieved party and appeal is not precluded' " (Matter of Pollard v Pollard, 63 AD3d 1628, 1628 [4th Dept 2009]; see Matter of Kwasi S., 221 AD2d 1029, 1030 [4th Dept 1995]). We therefore modify the order accordingly.
The mother's contention that she did not receive notice of the hearing is not preserved for our review and, in any event, the record establishes that the notice was properly served upon the mother's attorney, who represented the mother at the hearing (see generally Nuepert v Nuepert, 145 AD3d 1643, 1643 [4th Dept 2016]).
Finally, we conclude that the court did not err in awarding the father sole custody of the children with supervised visitation to the mother. "A custody determination by the trial court must be accorded great deference . . . and should not be disturbed where . . . it is supported by a sound and substantial basis in the record" (Matter of Green v Mitchell, 266 AD2d 884, 884 [4th Dept 1999]; see generally Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). Here, the court's determination is supported by a sound and substantial basis in the record.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court