Matter of Betts v Moore (2019 NY Slip Op 06241)





Matter of Betts v Moore


2019 NY Slip Op 06241


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


236 CAF 17-01879

[*1]IN THE MATTER OF LINDSAY R. BETTS, PETITIONER-APPELLANT,
v
WAYNE E. MOORE, RESPONDENT-RESPONDENT. 






CARA A. WALDMAN, FAIRPORT, FOR PETITIONER-APPELLANT.
CHRISTINE F. REDFIELD, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Ontario County (Brian D. Dennis, J.), entered July 20, 2017 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, dismissed the petition and amended petition of petitioner for modification of custody and visitation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, inter alia, dismissed her "[p]etition and [a]mended [p]etition" seeking, among other things, to modify a prior order of custody and visitation by permitting her to relocate with the subject child from Ontario County to Monroe County and by granting her sole custody of the child. We affirm.
Initially, we agree with the mother that Family Court erred in denying her request for permission to relocate on the ground that she failed to establish a change in circumstances sufficient to warrant such a modification of the existing order of custody and visitation (see Lauzonis v Lauzonis, 120 AD3d 922, 923 [4th Dept 2014]). The mother was not required to demonstrate a change of circumstances (see Lauzonis, 120 AD3d at 923; Matter of Chancer v Stowell, 5 AD3d 1082, 1083 [4th Dept 2004]); rather, because she sought permission to relocate with the subject child, the court was required to determine whether the proposed relocation was in the child's best interests by analyzing the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 739-741 [1996]; see generally Matter of Adams v Bracci, 91 AD3d 1046, 1046-1047 [3d Dept 2012], lv denied 18 NY3d 809 [2012]).
Although the court did not engage in the Tropea analysis, the record is sufficient to permit this Court to do so (see Matter of Mineo v Mineo, 96 AD3d 1617, 1618 [4th Dept 2012]). It is well settled that, when confronted with a custodial parent's request to relocate with his or her child, the court is required to consider all relevant circumstances, "with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (Tropea, 87 NY2d at 739; see Matter of Boyer v Boyer, 281 AD2d 953, 953 [4th Dept 2001]). After considering all of the relevant factors (see Tropea, 87 NY2d at 740-741), we conclude that the mother failed to meet her burden of establishing by a preponderance of the evidence that the proposed relocation from Ontario County to an unspecified place in Monroe County is in the child's best interests (see Matter of Shepherd v Stocker, 159 AD3d 1441, 1441-1442 [4th Dept 2018]). Although the mother cited improved job prospects and a better school district among her primary reasons for relocating, the mother did not indicate the particular school district into which she planned to move, and thus she "failed to establish that the child would receive a better education in" Monroe County than in her current school district (id. at 1442). Further, the evidence submitted by the mother indicated that she had merely a possibility of finding a better job in Monroe County. Consequently, she failed to establish that her life and that of the child [*2]"would be enhanced economically . . . by the move' " (Matter of Holtz v Weaver, 94 AD3d 1557, 1558 [4th Dept 2012], quoting Tropea, 87 NY2d at 741; see Matter of Williams v Epps [appeal No. 1], 101 AD3d 1695, 1695 [4th Dept 2012]). Additionally, the parties stipulated to the condition in the prior order of custody and visitation that precluded either parent from "permanently remov[ing] the [subject c]hild from the Canandaigua School District" without the agreement of the other or a court order, which, although not dispositive, is a factor that militates against granting the mother's request to relocate (see Tropea, 87 NY2d 741 n 2; Lauzonis, 120 AD3d at 923).
Finally, we reject the mother's contention that the court erred in denying her request for sole custody of the subject child. We conclude that the court properly denied that part of the amended petition because "there is a sound and substantial basis in the record for [the c]ourt's determination that the mother failed to make the requisite evidentiary showing of a change in circumstances to warrant an inquiry into whether the best interests of the subject child would be served by modifying the existing custody arrangement" (Matter of Wawrzynski v Goodman, 100 AD3d 1559, 1559 [4th Dept 2012]; see Laveck v Laveck, 160 AD3d 1397, 1398 [4th Dept 2018]; Matter of Avola v Horning, 101 AD3d 1740, 1740-1741 [4th Dept 2012]).
We have considered the mother's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court