Matter of Johnston v Dickes (2019 NY Slip Op 09208)





Matter of Johnston v Dickes


2019 NY Slip Op 09208


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1246 CAF 18-01125

[*1]IN THE MATTER OF NICOLE L. JOHNSTON, PETITIONER-APPELLANT,
v
TODD E. DICKES, RESPONDENT-RESPONDENT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR PETITIONER-APPELLANT. 
FITZGERALD MEDIATION PLLC, ROCHESTER (NICOLE A. FITZGERALD OF COUNSEL), FOR RESPONDENT-RESPONDENT. 
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Julie A. Gordon, R.), entered February 5, 2018 in a proceeding pursuant to Family Court Act article 6. The order granted respondent's motion to dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated and the matter is remitted to Family Court, Monroe County, for further proceedings on the petition.
Memorandum: In this proceeding pursuant to Family Court Act article 6, we agree with petitioner mother that Family Court erred in summarily granting respondent father's motion to dismiss her petition to relocate with the parties' child to the Honeoye Falls-Lima Central School District or Livingston County. A prior custody order entered upon the consent of the parties provided that the mother and the father had joint custody of the child with primary physical residence with the mother, and restricted the mother's residency to certain towns within Monroe County. "Generally, [d]eterminations affecting custody and visitation should be made following a full evidentiary hearing' " (Lauzonis v Lauzonis, 120 AD3d 922, 923 [4th Dept 2014]; see Matter of Naughton-General v Naughton, 242 AD2d 937, 938 [4th Dept 1997]), and we conclude that the allegations in the mother's petition "established the need for a hearing on the issue whether [her] relocation is in the best interests of the child" (Matter of Stevens v Stevens, 286 AD2d 890, 890 [4th Dept 2001]; see Liverani v Liverani, 15 AD3d 858, 858-859 [4th Dept 2005]).
On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7), the court must give the pleading a liberal construction, accept the facts alleged therein as true, accord the nonmoving party the benefit of every favorable inference, and determine only whether the facts as alleged fit within a cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Matter of McBride v Springsteen-El, 106 AD3d 1402, 1402 [3d Dept 2013]). The mother was not required to demonstrate a change of circumstances inasmuch as she sought permission to relocate with the subject child (see Matter of Betts v Moore, 175 AD3d 874, 874-875 [4th Dept 2019]; Lauzonis, 120 AD3d at 923; Matter of Chancer v Stowell, 5 AD3d 1082, 1083 [4th Dept 2004]). Further, the mother adequately alleged in her petition that relocation was in the best interests of the child inasmuch as she alleged that the cost of housing would be lower in Livingston County, that the child's maternal grandfather would be able to assist the mother with childcare upon her relocation allowing her to return to work, and that the relocation would not interfere with the father's visitation schedule. The court was therefore required to determine whether the proposed relocation was in the child's best interests by analyzing the factors set forth in Matter of Tropea v [*2]Tropea (87 NY2d 727, 739-741 [1996]; see generally Matter of Adams v Bracci, 91 AD3d 1046, 1046-1047 [3d Dept 2012], lv denied 18 NY3d 809 [2012]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court