Matter of Rodriguez v Young (2024 NY Slip Op 05705)

Matter of Rodriguez v Young

2024 NY Slip Op 05705

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

725 CAF 22-01877

[*1]IN THE MATTER OF SAMANTHA RODRIGUEZ, PETITIONER-RESPONDENT,
v
DARINELL YOUNG, JR., RESPONDENT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
DEBORAH K. JESSEY, CLARENCE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Thomas M. DiMillo, A.J.), entered October 14, 2022, in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner permission to relocate with the subject child to New York City. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals, as limited by his brief, from an order entered after a hearing insofar as it granted petitioner mother permission to relocate with the child to New York City. We affirm.
Contrary to the father's contention, the mother was not required to establish a change in circumstances sufficient to warrant a modification of the existing order of custody and visitation, inasmuch as she sought permission to relocate with the child (see Matter of Betts v Moore, 175 AD3d 874, 874-875 [4th Dept 2019]; Lauzonis v Lauzonis, 120 AD3d 922, 923 [4th Dept 2014]; Matter of Chancer v Stowell, 5 AD3d 1082, 1083 [4th Dept 2004]).
Contrary to the father's further contention, we conclude that Family Court properly considered the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 740-741 [1996]) in determining that the mother met her burden of establishing by a preponderance of the evidence that the proposed relocation is in the child's best interests, and we further conclude that the court's determination has " 'a sound and substantial basis in the record' " (Matter of Hill v Flynn, 125 AD3d 1433, 1434 [4th Dept 2015], lv denied 25 NY3d 910 [2015]; see Matter of Martin v Martin, 221 AD3d 1557, 1558 [4th Dept 2023]). Here, the mother established at the hearing that she has been the primary caregiver of the child and that the father's visitation with the child was inconsistent. "Although the unilateral removal of the child[ ] from the jurisdiction is a factor for the court's consideration, an award of custody must be based on the best interests of the child[ ] and not a desire to punish the recalcitrant parent" (Matter of Robert C. E. v Felicia N. F., 197 AD3d 100, 103 [4th Dept 2021], lv denied 37 NY3d 915 [2021] [internal quotation marks omitted]). Here, the mother testified that she initially planned a temporary move to New York City to care for her mother, who was undergoing cancer treatment. While in New York City, the mother, who had lost her job, apartment, and car due to the COVID-19 pandemic, was able to obtain suitable housing and full-time, salaried employment. Further, the record establishes that the father has no "accustomed close involvement in the child[ ]'s everyday life" (Tropea, 87 NY2d at 740), and thus we conclude that the need to "give appropriate weight to . . . the feasibility of preserving the relationship between the noncustodial parent and [the] child[ ] through suitable visitation arrangements" does not take precedence over the need to give appropriate weight to the necessity for the relocation (id. at 740-741; see Martin, 221 AD3d at 1558).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court