Matter of Litwinski v Adinolfe (2025 NY Slip Op 05614)

Matter of Litwinski v Adinolfe

2025 NY Slip Op 05614

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, NOWAK, DELCONTE, AND KEANE, JJ.

741 CAF 22-01390

[*1]IN THE MATTER OF JAMES M. LITWINSKI, JR., PETITIONER-APPELLANT,
v
JENNIFER M. ADINOLFE, RESPONDENT-RESPONDENT. ——————————————————————— IN THE MATTER OF JENNIFER M. ADINOLFE, PETITIONER-RESPONDENT, 
 JAMES M. LITWINSKI, JR., RESPONDENT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.
JOSEPH T. JARZEMBEK, BUFFALO, FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT.
DEBORAH K. JESSEY, CLARENCE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Donna M. Castiglione, R.), dated July 25, 2022, in proceedings pursuant to Family Court Act article 6. The order, inter alia, granted the cross-petition of respondent-petitioner to modify a prior order of custody and visitation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent father commenced this proceeding pursuant to Family Court Act article 6 by filing a petition seeking, inter alia, to preemptively preclude respondent-petitioner mother from relocating outside of the subject child's current school district in Erie County and to modify a prior order of custody and visitation, pursuant to which the mother had sole legal custody of the child, by awarding the parties joint custody and adding Friday visitation to the father's weekend time with the child. The mother filed a cross-petition seeking to modify the prior order because she was engaged to be married and planned on moving to Chautauqua County to be closer to her place of employment, thereby requiring alteration of the visitation schedule to accommodate the new distance between the residences and avoid unnecessary travel by the child on school nights. The father, as limited by his brief, appeals from that part of an order following a fact-finding hearing that granted the mother's cross-petition by adjusting the father's visitation schedule. We now affirm, but our reasoning differs from that of Family Court.
As the court properly recognized, the mother, in effect, sought court approval of her proposed relocation from Hamburg in Erie County to Brocton in Chautauqua County, which would require the child to change school districts from the one contemplated in the prior order (see Matter of Gillard v Gillard, 241 AD2d 966, 967 [4th Dept 1997]). The court nonetheless first determined that the mother was required to establish a change in circumstances and then adopted the position taken by the mother's counsel at the hearing that this was not a relocation case governed by the standard set forth in Matter of Tropea v Tropea (87 NY2d 727 [1996]) because the proposed move was minor and would not significantly impact the father's visitation [*2]time. That was error.
Initially, contrary to the father's contention and the court's determination, the mother "was not required to establish a change in circumstances sufficient to warrant a modification of the existing order of custody and visitation, inasmuch as she sought permission to relocate with the child" (Matter of Rodriguez v Young, 232 AD3d 1279, 1279 [4th Dept 2024], lv denied 43 NY3d 902 [2025]; see Matter of Betts v Moore, 175 AD3d 874, 874-875 [4th Dept 2019]; Lauzonis v Lauzonis, 120 AD3d 922, 923 [4th Dept 2014]; Matter of Chancer v Stowell, 5 AD3d 1082, 1083 [4th Dept 2004]).
Where, as here, a custodial parent seeks judicial approval of a relocation plan to move away from the area in which the noncustodial parent resides that could hinder visitation by the noncustodial parent, the Tropea standard governs and provides that the "request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (Tropea, 87 NY2d at 739; see Matter of Granger v Misercola, 21 NY3d 86, 90 [2013]). Contrary to the position of the mother's counsel and the court's reasoning, the Court of Appeals has made clear that the comprehensive analysis required by Tropea applies "even where the move would leave the noncustodial parent with what may be considered 'meaningful access,' " because "there is still a need to weigh the effect of the quantitative and qualitative losses that naturally will result against such other relevant factors as the custodial parent's reasons for wanting to relocate and the benefits that the child may enjoy or the harm that may ensue if the move is or is not permitted" (Tropea, 87 NY2d at 739). A court should therefore "consider and give appropriate weight to all of the factors that may be relevant to the determination," including "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (id. at 740-741). "In the end, it is for the court to determine, based on all of the proof, whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (id. at 741).
Although the court did not fully engage in the requisite Tropea analysis, the record is sufficient to permit us to do so (see Betts, 175 AD3d at 875; Matter of Mineo v Mineo, 96 AD3d 1617, 1618 [4th Dept 2012]). Upon our review of the relevant factors (see generally Tropea, 87 NY2d at 740-741), we conclude that the mother met her burden of establishing by a preponderance of the evidence that the proposed relocation is in the child's best interests (see Matter of Townsend v Mims, 167 AD3d 1584, 1584 [4th Dept 2018], lv denied 32 NY3d 919 [2019]). The mother established that the proposed relocation would enhance the child's life economically, emotionally, and educationally, inasmuch as, among other things, the mother and the child would unite under a single household with the mother's new husband, with whom the child was well familiar, thereby allowing for the consolidation of household expenses and alleviating some of the time and financial costs associated with the mother's commute by permitting her to reside closer to her place of employment (see id.; Matter of Hoppe v Hoppe, 165 AD3d 1422, 1424-1425 [3d Dept 2018], lv denied 32 NY3d 912, 913 [2019]; Mineo, 96 AD3d at 1619; Matter of Bobroff v Farwell, 57 AD3d 1284, 1286 [3d Dept 2008]). Additionally, the testimony at the hearing established that the mother had confirmed with the school district in Brocton that it would be able to provide the same services, such as occupational and speech therapy, that the child was receiving at his current school, and there is no indication in the record that the quality of the education provided by the school district in Brocton is inferior to that provided by the school district in Hamburg (see Mineo, 96 AD3d at 1619; Bobroff, 57 AD3d at 1286; Carlson v Carlson, 248 AD2d 1026, 1027-1028 [4th Dept 1998]). The testimony of both the mother and the father further established that, although the relocation would require alteration of the visitation schedule, the relationship between the father and the child would be preserved and the impact on the quantity and quality of the child's future contact with the father would be minimal inasmuch as the court, at the mother's behest, provided a liberal parental access schedule to the father including, but not limited to, extended weekend visitation and the same summer and holiday visits (see Matter of Robert C. E. v Felicia N. F., 197 AD3d 100, 104-105 [4th Dept 2021], lv denied 37 NY3d 915 [2021]; Mineo, 96 AD3d at 1619; Carlson, 248 [*3]AD2d at 1027-1028; see generally Tropea, 87 NY2d at 739, 741). We note that, as modified, the visitation schedule greatly reduces the number of exchanges of the child between the parties, thereby simplifying the child's weekday schedule and minimizing opportunities for discord between the parties (see Matter of Jones v Jamieson, 162 AD3d 1720, 1721 [4th Dept 2018]).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court